### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN  DIVISION

| | | |
|---|---|---|
| MELISSA McFADDEN, | : | |
| | : | **Civil Action No.    2:18 cv 544** |
| | : | |
| Plaintiff, | : | |
| v. | : | JUDGE: SARGUS |
| | : | MAGISTRATE JUDGE: JOLSON |
| CITY OF COLUMBUS, | : | |
| Defendants. | : | |

### PLAINTIFF MELISSA McFADDEN'S MOTION FOR AN ORDER *IN LIMINE*

Plaintiff Melissa McFadden respectfully moves the Court, pursuant to Fed.R.Civ.P. 16 and Fed.R.Evid. 103, 401, 402, 403, 404, and 608, for an Order *in Limine* prohibiting Defendant from introducing, directly or indirectly, through evidence, testimony, mention, or argument at trial, facts, opinions, or conclusions developed in an ongoing investigation *after* her reassignment on March 13, 2017 to the Property Room, including the Chief's recommendation of her termination and the Safety Director's rejection of that recommendation, apart from the undisputed facts that she was fully reinstated and competently performed the duties assigned to her since.  Five reasons justify granting her motion *in limine*:

1.      This Court ordered summary judgment for Defendant on her procedural due process claim regarding that later phase of the ongoing investigation; consequently, the manner and results of the investigation are no longer at issue.

1

2.   Her discrimination and retaliation claims focus on the motivations for the punitive reassignment, not those later motivating the termination recommendation, which was never implemented and thus not a materially adverse action.

3.   The facts, opinions, or conclusions include negative and unfairly prejudicial characterizations, such as her being a liar.

4.   The Safety Director's rejection of the recommendation substantially diminished any probative value the facts, opinions, or conclusions in the Chief's investigation had.

5.   A mini trial over whether she committed the alleged misconduct will detour, confuse, and delay the jury from deliberating on her remaining claims that a punitive reassignment pending investigation of the alleged misconduct was discriminatory and retaliatory.

**MEMORANDUM IN SUPPORT OF PLAINTIFF MELISSA McFADDEN'S MOTION FOR AN ORDER _IN LIMINE_**

I.   **Background**

The jury trial will focus on the claims that Defendant was discriminatory and retaliatory when it reassigned, pending an investigation of Equal Employment Opportunity (EEO) charges, Lt. McFadden to menial physical tasks in the Property Room.  Lt. McFadden does not contest that reassignment _may_ be appropriate to ensure that officers who complained about EEO violations are separated from superiors they charged with those violations.  She will submit evidence to the jury, however, that other officers charged with such violations were never reassigned in the demeaning and injurious way she was. In fact, Lt. McFadden will present evidence that no other officer in the known history of the Division of Police was assigned to the property room for manual labor as a result of allegations of misconduct, as well as presenting evidence that several other high ranking officers, including her direct replacement, faced no reassignment as a result of EEO allegations against them.

2

During her time in the Property Room and on leave after she was injured performing the tasks she was assigned there, tasks inappropriate for a Lieutenant to be assigned, the pending investigation continued.  Facts, opinions, or conclusions were made and used by the Chief to support her recommendation that Lt. McFadden be terminated.  That recommendation was rejected as unfounded after a hearing as unfounded by the Safety Director, and Lt. McFadden was reinstated to a full duty position outside the Property Room, one consistent with her rank, and she has competently performed the duties assigned to her since.

In its *Opinion and Order*, Doc #: 48, PAGEID #: 5299 (record citations omitted), the Court accepted testimony that "[w]hile Lt. McFadden was assigned to the Property Room, the IAB [Internal Affairs Bureau] conducted an investigation of her.  After the investigation ended, Chief Jacobs conducted a disciplinary hearing. Chief Jacobs recommended that Lt. McFadden receive a 240-hour suspension, a demotion to police officer, and termination of her employment."  The Safety Director held a hearing on recommendation: "After Lt. McFadden presented her case and the hearing ended on August 22, 2018, the Safety Director rejected the Chief's recommendation, finding that the charges were 'not sustained.'  Lieutenant McFadden was then permitted to return to her prior assignment." *Id.* (record citations omitted).

Discussed below is the role of after-acquired evidence from an investigation that followed an adverse employment action.  As a factual matter, Defendant did not even contest her qualifications when it moved for summary judgment. *Opinion and Order*, Doc #: 48, PAGEID #: 5303.  Nor has Defendant resurrected its effort to terminate her. Since her reinstatement, Defendant has made no allegations against Lt. McFadden for violation of EEO policy.

Lt. McFadden believed that the process of that investigation deprived her of procedural due process, but this Court ordered summary judgment for Defendant on that claim. *Opinion*

*and Order*, Doc #: 48, PAGEID #: 5319, because she had sufficient opportunity to be heard through the Safety Director's hearing. *Id.*

II.    **Argument**

A.    **Specific Evidence Rules Prohibit Admission of Facts, Opinions, or Conclusions from A Later Investigation**

What is "of consequence" in an action is determined by the claims and defenses pending before the jury. At bar, facts pertaining to Defendant's motivation for a punitive reassignment *pending an investigation* are of consequence. What happened later during and after that investigation are of no consequence. This Court applied those standards in *Gaiser v. Am.'s Floor Source*, No. 2:18-CV-1071, 2021 WL 5354702, at *2 (S.D. Ohio Nov. 17, 2021), where plaintiff's motion *in limine* was granted regarding a lawsuit that "was filed by her boyfriend in the Franklin County Court of Common Pleas" and involved employment claims. The employer argued that the reason plaintiff sought medical insurance was due to her boyfriend's discharge, she had discussed his lawsuit at work, and the timing was closely aligned. *Id.* at *3. The Court rejected those arguments.

"The Court does not believe additional context is necessary to decide this issue. Based on the evidence in the record, the Wasserman Lawsuit is not relevant to whether Defendant retaliated against Plaintiff for taking FMLA leave; it is a separate and unrelated lawsuit." *Id.* In that case, there was "no issue of fact as to whether or why Plaintiff sought medical insurance from AFS, her employer" and her work conversations did "not make the subject relevant at trial." *Id.* The facts, opinions, or conclusions from the post-reassignment investigation at bar are separate, though related, to Defendant's pre-assignment motivation. The relatedness, however, is

sequential: the reassignment was made *pending* investigation.  The facts, opinions, or conclusions from the later investigation could not have motivated the earlier reassignment.

Even if some relevance could be found, relevant evidence is excluded under Evidence Rule 403 if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993) ("Rule 403 permits the exclusion of relevant evidence[.]").

Evidence Rule 403 considerations convinced this Court in *Hood v. Bare*, No. 2:17-CV-471, 2021 WL 5001929, at *2 (S.D. Ohio Oct. 28, 2021), to grant a motion *in limine* excluding evidence "of race discrimination, institutional racism, and historical and recent incidents involving law enforcement" by the Columbus Police Force unless that evidence involved the two individual defendant police officers.  Even if the force was racist, it would have been unfair to taint the individual police officers with that general propensity.  Not only would mini trials have been required to rebut such evidence, but the entire focus of the case on a deadly shooting would have been deflected to institutional racism.

The Rule 403 factors are (1) probative value; (2) need; (3) harm; and (4) mitigation. Probative value builds on Fed.R.Evid. 401(a), which deems relevant that evidence which "has any tendency to make a fact more or less probable than it would be without the evidence[.]" Probative value is how much of a tendency.  Need considers alternative evidence to prove the fact and whether less harm would be risked by relegating the proponent to that alternative evidence.  *See* Fed. R. Evid. 403 advisory committee's note ("The availability of other means of proof may also be an appropriate factor" in a district court's Rule 403 ruling.).  To risk harm

when unnecessary is gratuitous.  If the non-targeted evidence proves the same point, exclusion is preferred to admission.

At bar, there is similarly no need for Defendant to introduce the facts, opinions, or conclusions of its investigation.  Lt. McFadden admits the obvious: there was a pending investigation when she was reassigned.  Defendant need not prove that uncontested point by admitting evidence more properly excluded under Rule 403.

The harms are listed in the rule, and all involve distortion of a jury's reasoning process. Harm does not include "the damage to a [party's] case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." *United States v. Schrock,* 855 F.2d 327, 335 (6th Cir.1988) (citations omitted).

Mitigation, typically by a limiting instruction, considers the extent to which harm can be avoided.  The Advisory Committee Notes to Rule 403 explains that "[i]n reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction."

In both discrimination and retaliation cases the crucial question is what motivated the decisionmaker to take the adverse action.  *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008) (discrimination); *Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 775 (6th Cir. 2018) (quoting *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014)) (retaliation).  The pretext stage asks what the true reasons were for the adverse action.  *Hubbell v. FedEx SmartPost, Inc.*, 933 F.3d 558, 568 (6th Cir. 2019); *White*, 533 F.3d at 391.

"Pretext is simply an inquiry about causation; and causation in discrimination cases usually turns on whether an undisputed decisionmaker acted with a discriminatory motive." *Sloat v. Hewlett-Packard Enter. Co.*, 18 F.4th 204, 210 (6th Cir. 2021).  For the but-for causation

of retaliation, a plaintiff must prove that the resentful motivation "had a determinative influence on the outcome of the employer's decision-making process." *Pelcha v. MW Bancorp, Inc.*, 988 F.3d 318, 324 (6th Cir. 2021) (citations and quotation marks omitted). The focus is on what produced the allegedly discriminatory or retaliatory decision.

A pertinent – and partial – exception is the after-acquired evidence doctrine. Had Defendant pursued that defense, it would have terminated Lt. McFadden based on facts, opinions, or conclusions from the investigation and then argued that any remedy for prior discrimination or retaliation could not include reinstatement and related benefits because the evidence it later acquired foreclosed that remedy. *Smith v. N. Shore-Long Island Jewish Health Sys.*, 286 F. Supp. 3d 501, 530 (E.D.N.Y. 2018)

Of course, Defendant could not pursue that defense because it would have been counterfactual: Defendant did not terminate Lt. McFadden based on the after-acquired evidence. "Where an employer seeks to rely upon [the] doctrine, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon*, 513 U.S. at 362–63. Lt. McFadden's reinstatement to a full duty assignment and her continued competent performance precludes Defendant from making that showing.

The facts, opinions, or conclusions of the investigation of Lt. McFadden are inadmissible under Fed.R.Evid. 404 as well. Other acts, whether before or after, may not be admitted to show that the actor had a propensity and must have acted in character. Fed.R.Evid. 404(a)(1); (b)(1) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Those acts may, however, be admitted if introduced for "another purpose, such as proving

motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed.R.Evid. 404(b)(2).

In the Sixth Circuit, a three-part test is used for that exception: "*First*, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. *Second*, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character.  *Third*, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect."  *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013).  "To satisfy the second part of the test, the evidence must be offered for a permissible purpose, that purpose must be material or 'in issue' in the case, and the evidence must be probative with regard that purpose."  *Simmons v. Napier*, 626 Fed.Appx. 129, 135 (6th Cir. 2015) (citing *United States v. Hardy*, 643 F.3d 143, 150 (6th Cir. 2011)).

This Court applied those standards to grant the motion *in limine* in *Hood*, 2021 WL 5001929, at *6–7, because the officers' "other uses of force, lawsuits, complaints, investigations, discipline, or incidents other than the one at issue" constituted propensity evidence.  Non-propensity issues, such as opportunity or motive, were not of consequence to whether they objectively used reasonable force.  This Court added that the other acts "did not lead to criminal charges and are dissimilar to the facts of this case."  *Id.* at *7 (citing *Spencer v. McDonald*, 705 Fed.Appx. 386, 388 (6th Cir. 2017)

As the Safety Director's rejection of the Chief's termination recommendation indicates, there is significant doubt that other acts, such as lying, even occurred during the investigation.  In fact, Defendant *withdrew* allegations of untruthfulness against Lt. McFadden before a determination on their merits were even made. There is no purpose other than showing that Lt.

McFadden's testimony is unworthy or her being a victim of discrimination or retaliation exaggerated or manufactured, and those purposes are the forbidden propensity ones. Defendant is not permitted to argue that an officer who showed during an investigation that she was unfit must have been unfit during an earlier assignment. The Rule 403 component of *Adams* has already been addressed. Even if the investigation's facts, opinions, or conclusions were accurate, they were still not sufficiently similar to make less likely that the punitive reassignment was discriminatory or retaliatory.

Defendant has one other argument, though, based on credibility. The facts, opinions, or conclusions reflected adversely on her credibility. Under Rule 608(a), "[a] witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." The Chief's low opinion of Lt. McFadden's credibility might arguably be admissible, but the investigation concerns specific instances, not a general character.

Rule 608(b) is, therefore, determinative. Extrinsic evidence of specific instances is admissible on cross-examination only "if they are probative of the character for truthfulness or untruthfulness of . . . a witness. Fed.R.Evid. 608(b)(1). The facts, opinions, or conclusions of the investigation lacked sufficient probity to convince the Safety Director to terminate Lt. McFadden. Had he or any Safety Director thought that Lt. McFadden actually lied during an IAB investigation, the finding would have differed markedly from a "not sustained" one.

On top of that, Rule 608 evidence is also subject to Rule 403 balancing. "The purpose of this rule [Fed.R.Evid. 608] is to prohibit things from getting too far afield – to prevent the proverbial trial within a trial." *United States v. Bynum,* 3 F.3d 769, 772 (4th Cir.1993). Thus, "[t]he trial court has wide discretion to impose limitations on the cross-examination of

witnesses." *United States v. Flaharty*, 295 F.3d 182, 190 (2nd Cir. 2002) (invoking Rules 403 and 608(b)).  Exclusion is especially warranted when "the evidence had little probative value to the issue of the witnesses' credibility and virtually no relevance to the material issues in the case" yet "would have likely required many additional days of testimony without shedding any light on the central issue of the case." *Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 641-42 (5th Cir. 2001).

When the proper balancing is done, the guise of credibility impeachment is exposed as character assassination, and slight probative value overwhelmed by unfair prejudice and the other harms listed in Rule 403.  Whatever Lt. McFadden did during the investigation to reflect on her credibility is clearly inadmissible at a trial focused on why she was given a punitive reassignment pending that investigation.

**III.    Conclusion**

Defendant must not be allowed to destroy Lt. McFadden's case with investigation evidence it was unable to successfully use to destroy her career.  The unavoidable consequence of admitting facts, opinions, or conclusions from the investigation *after* the reassignment at issue is unfair prejudice, confusion, and delay as she seeks to rebut them and the trial degrades to mini trials over each character assassination or negative remark.  The evidence is clearly inadmissible: it concerns a period *after* the decisions she is challenging as discriminatory and retaliatory; the facts, opinions, or conclusions were not relied upon by Defendant's decisionmakers in reassigning her; and the negligible or lower probative value about any fact at issue regarding the reassignment is overwhelmed by the risk of unfair prejudice, confusion, and delay.  Her motion to exclude should be granted.

Respectfully submitted,

10

**OF COUNSEL:**
Louis A. Jacobs (002101)
(*LAJOhio@aol.com*)
177 19th St., Apt. 9C
Oakland, CA 94612
(614) 203-1255
Fax (510) 250-9007

By: ___*/s/ Samuel M. Schlein*_____
Samuel M. Schlein (0092194)
(*sschlein@marshallforman.com*)
John S. Marshall (0015160)
(*jmarshall@marshallforman.com*)
MARSHALL FORMAN AND SCHLEIN
LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed with the Court on this 25th day of April, 2022 using the CM/ECF system, which will send notification of such filing to all counsel of record. Parties may access this filing through the court's filing system.

By:*/s/ Samuel M. Schlein*___
Samuel M. Schlein (0092194)

11