**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN  DIVISION**

| | | |
|---|---|---|
| MELISSA McFADDEN, | : | |
| | : | **Civil Action No.      2:18 cv 544** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE: SARGUS |
| | : | MAGISTRATE JUDGE: JOLSON |
| CITY OF COLUMBUS, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF MELISSA McFADDEN'S PROPOSED
CASE-SPECIFIC JURY INSTRUCTIONS**

Melissa McFadden is the Plaintiff in this case, and she is suing the Defendant, the City of

Columbus, on six claims: (1) racial discrimination in violation of Title VII of the Civil Rights

Act of 1964; (2) racial discrimination in violation of the Ohio Laws Against Discrimination; (3)

racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to

the United States Constitution; (4) retaliation in violation of Title VII of the Civil Rights Act of

1964; (5) retaliation in violation of the Ohio Laws Against Discrimination; and (6) retaliation in

violation of the First Amendment to the United States Constitution.  Because the claims overlap

to some extent, my instructions will not address in full all the claims separately, but you will

consider each claim separately during your deliberations.  I will instruct you on any differences

among the claims that overlap.

Title VII of the Civil Rights Act of 1964 is a federal "statute that prohibits employers

from discriminating against an employee in the terms and conditions of employment because of

the employee's race [or other traits]."[1]  The Ohio Laws Against Discrimination is the Ohio civil rights statute that contains the same prohibition, and the Fourteenth Amendment has a similar prohibition.  Both Title VII and the Ohio Laws Against Discrimination also prohibit retaliation, as does the First Amendment.  You must not consider why Lt. McFadden brought overlapping claims, and I instruct that she had to the right to do so, and all the claims are properly before you.

You know that Ms. McFadden is a Lieutenant in the Columbus Division of Police, and her allegations focus on how she, an African American, was disciplined by superior White officers.  Was the discipline motivated by racial discrimination and/or retaliation or was it nondiscriminatory and nonretaliatory?  You will consider whether the investigation which triggered her loss of a field assignment and caused her reassignment to the Property Room culminated in significantly diminished material responsibilities.[2]  You will determine the facts surrounding that discipline and whether, given my instructions, they reflect that Lt. McFadden has proven one or more of her claims by a preponderance of the evidence.

**Racial Discrimination**[3]

I listed three separate racial discrimination claims – Title VII of the Civil Rights Act of 1964, Ohio Laws Against Discrimination, and Equal Protection Clause – but I will instruct you first on the elements they all share.  In other words, if you find that Lt. McFadden proved by a preponderance of the evidence those elements, then you may proceed to consider any different elements the claims do not share.  I will also indicate when you may use the same evidence to draw an inference of retaliation.

---

[1] *Third Circuit Model Jury Instructions*, § 5.0.  Quotation marks indicate sentences in the model instructions cited, while bracketed words or punctuation reflect a modification of the sentences.

[2] **Opinion and Order** ("O&O"), Doc #: 48, PAGEID #: 5304.

[3] Unless otherwise indicated, these proposed instructions are modified from the *Seventh Circuit Model Jury Instructions*, § 3:01.  Quotation marks indicate sentences in the model instructions cited, while bracketed words or punctuation reflect a modification of the sentences.

**<u>All Discrimination Claims</u>**

Lt. McFadden claims that she was assigned to the property room and the duties there because of her race, African American. "To succeed on this claim, [Lt. McFadden] must prove by a preponderance of the evidence that [she] was [assigned to the property room and the duties there] by [the City of Columbus] because of [her race. To determine that [Lt. McFadden] was [assigned to the property room and the duties there] because of [her race], you must decide that" at least one motivating factor in that decision was her race.[4]

Lt. McFadden is not required to prove that her race was the sole motivation or even the primary motivation for the City of Columbus decision.[5] She need only prove that her race played a motivating part in the City of Columbus decision even though other factors may also have motivated it.[6] Indeed, given what I listed you will be asked whether there were other motivations, such as retaliation for her opposing discrimination or for her speech, for the City of Columbus' decision. I instruct you that employment decisions can have more than one motivation, and the finding of one motivation does not require you to find for or against there being another motivation.

Lt. McFadden contends that several police officers who were accused as she was of EEO violations were sufficiently similarly situated to her that, if you find one or more was treated

---

[4] *Third Circuit Model Jury Instructions*, § 5.1.1 ("This [intentional discrimination] means that [plaintiff] must prove that [his/her] [protected status] was a motivating factor in [defendant's] decision to [describe action] [plaintiff].").

[5] *Third Circuit Model Jury Instructions*, § 5.1.1 ("Although [plaintiff] must prove that [defendant] acted with the intent to discriminate, [plaintiff] is not required to prove that [defendant] acted with the particular intent to violate [plaintiff's] federal civil rights. In showing that [plaintiff's] [protected status] was a motivating factor for [defendant's] action, [plaintiff] is not required to prove that [his/her] [protected status] was the sole motivation or even the primary motivation for [defendant's] decision. [Plaintiff] need only prove that 22 [plaintiff's protected status] played a motivating part in [defendant's] decision even though other factors may also have motivated [defendant]. As used in this instruction, [plaintiff's] [protected status] was a 'motivating factor' if [his/her] [protected status] played a part [or played a role] in [defendant's] decision to [state 26 adverse employment action] [plaintiff].").

[6] *Id. See also Eighth Circuit Model Jury Instructions*, § 5.21 ("played a part in decision" but "need not have been the only reason").

more favorably than her, then you may infer the differential treatment was because of race or, on the retaliation claim, because of her opposition to employment practices she sincerely and reasonably believed were racially discrimination.[7]   She adds that significant procedural irregularities may also yield an inference of discrimination and retaliation.[8]

"If you find that [Lt. McFadden] has proved [that race was a motivating factor in the City of Columbus' assignment] by a preponderance of the evidence, then you must find for [her]. However, if you find that [Lt. McFadden] did not prove this by a preponderance of the evidence, then you must find for [the City of Columbus]."  If you find for her, then you must consider damages, and I will instruct you on those after instructing you on the other discrimination claims.

### Equal Protection

If you find that Lt. McFadden proved by a preponderance of the evidence that the City of Columbus discriminated against her, then you must consider an additional element that Lt. McFadden must prove on her Equal Protection claim.  Lt. McFadden must prove by a preponderance of the evidence that the assignment to the property room and the duties there reflected the policy or custom of the City of Columbus, rather than just the action of one or more of its employees.

On this element, the City of Columbus "is not responsible simply because it employed" those who decided to assign Lt. McFadden to the property room and those duties.[9]  You can find a policy or custom if the decision to assign her to the property room was made by a policy-making official of the City of Columbus.  This includes that official's "approval of a decision or

---

[7] **Opinion and Order** ("O&O"), Doc #: 48, PAGEID #: 5307.  *See also McDole v. City of Saginaw*, 471 F.Appx. 464, 475–76 (6th Cir. 2012) (jury instructions need not expand on similarly situated concept).
[8] **Opinion and Order**, Doc #: 48, PAGEID #:5315.
[9] *Seventh Circuit Model Jury Instructions*, § 7.24.

policy made by someone else, even if that person is not a policy-making official."[10]  I instruct you that the Police Chief is such an official.  Thus, if you find that the Police Chief made the assignment decision or approved of it, you must find that Lt. McFadden proved this element by a preponderance of the evidence.

I have not instructed you on this element for her claims under Title VII of the Civil Rights Act of 1964 or the Ohio Laws Against Discrimination.  Those laws do not require proof of this element, and, unless I otherwise instruct you, you should not use an instruction for one claim in deliberating about another claim.

### Ohio Laws Against Discrimination

Title VII of the Civil Rights Act of 1964 and the Ohio Laws Against Discrimination offer identical protection against discrimination.  I instruct you that, if you find that Lt. McFadden proved discrimination under Title VII by a preponderance, you must find that she has also proved discrimination under the Ohio Laws Against Discrimination.

### Damages for All Claims

On damages, "[i]f you find that [Lt. McFadden] has proved [any of her discrimination claims against the City of Columbus], then you must determine what amount of damages, if any, [she] is entitled to recover. [Lt. McFadden] must prove [her] damages by a preponderance of the evidence. If you find that [she] has failed to prove [one or more claims], then you will not consider the question of damages" on that claim or claims.[11]  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the City of Columbus should be held liable.

---

[10] *Seventh Circuit Model Jury Instructions*, § 7.24.  *Accord Third Circuit Model Jury Instructions*, § 4.6.3 (instructing that "that [municipality's] official policy or custom caused the deprivation" which may be found from "a policy statement or decision that is officially made by [municipality's] [policy-making official][.]").
[11] *Seventh Circuit Model Jury Instructions*, § 3.09; 3.10.

"You may award compensatory damages only for injuries that [Lt. McFadden] has proved by a preponderance of the evidence were caused by [the City of Columbus' discrimination or retaliation]. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental [or emotional] aspects of injury, even if they are not easy to measure. * * * You should consider the following types of compensatory damages, and no others[.]"[12]

You may consider lost wages,, physical, mental, and/or emotional pain and suffering, including humiliation, anguish, frustration, and sadness, that Lt. McFadden has experienced. "No evidence of the dollar value of [physical, mental, and/or emotional pain and suffering] has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate [Lt. McFadden] for the injury [she] has sustained."[13]  You may also consider medical care: "The reasonable value of medical care [or counseling] and supplies that [Lt. McFadden] reasonably needed and actually received[.]"[14]

"[Lt. McFadden] must also show that [the City of Columbus'] act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of [its] act [or omission]. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether [the City of Columbus'] actions or omissions were motivated by discrimination[, or if you reach damages on her retaliation claim, by retaliation]. In other words, even assuming that [the City of Columbus'] actions or omissions were motivated [unlawfully], she is not entitled to

---

[12] *Seventh Circuit Model Jury Instructions*, § 3.10
[13] *Seventh Circuit Model Jury Instructions*, § 7.26.
[14] *Seventh Circuit Model Jury Instructions*, § 7.26.

damages for an injury unless [the City of Columbus'] . . . actions or omissions actually played a substantial part in bringing about that injury. There can be more than one cause of an injury. To find that [the City of Columbus'] act or omission caused [Lt. McFadden's] injury, you need not find that the act or omission was the nearest cause, either in time or space. However, if [Lt. McFadden's] injury was caused by a later, independent event that intervened between [the City of Columbus'] act or omission and [her] injury, [the City of Columbus] is not liable unless the injury was reasonably foreseeable by [it]."[15]

On the discrimination and retaliation claims, I will not instruct you on Lt. McFadden's attorneys' fees and costs expended in prosecuting her claims.[16] You should not consider those as they are a matter for the Court, rather than the jury. Nor have I instructed you on punitive damages. You should not consider those in deciding the amount of compensatory damages, if any, you award Lt. McFadden. You should not draw any conclusion one way or the other from omitting punitive damages in your calculation.

### Title VII and Ohio Laws Against Discrimination Retaliation[17]

Lt. McFadden has brought three separate retaliation claims – Title VII, Ohio Laws Against Discrimination, and First Amendment – and I will instruct you first on the elements Title VII and the Ohio Laws Against Discrimination. If you find that Lt. McFadden proved by a

---

[15] *Third Circuit Model Jury Instructions*, § 5.4.1.

[16] Punitive damages are not available for the federal actions against a government, government agency, or political subdivision. 42 U.S.C. § 1981a(b)(1). Nor are they available under the Ohio Laws Against Discrimination. *Hooper v. Trimble Bd. of Educ.*, No. 2:21-CV-2749, 2021 WL 5877840, at *3 (S.D. Ohio Dec. 13, 2021) ("Plaintiff cannot recover punitive damages under R.C. § 4112.01 because punitive damages cannot be awarded in an action against a political subdivision unless there is a provision to the contrary. R.C. § 2744.05 ('in an action against a political subdivision to recover damages ... caused by an act or omission in connection with a governmental or proprietary function ... punitive or exemplary damages shall not be awarded')[.]").

[17] Unless otherwise indicated, these proposed instructions are modified from the *Seventh Circuit Model Jury Instructions*, § 3:02. Quotation marks indicate sentences in the model instructions cited, while bracketed words or punctuation reflect a modification of the sentences.

preponderance of the evidence those elements, then you may proceed to consider any different elements the claims do not share.

"[Lt. McFadden] claims that [she] was [assigned to the property room and the duties there] by [the City of Columbus] because of [her opposition to employment practices she sincerely and reasonably believed were racially discriminatory]. To succeed on this claim, [Lt. McFadden] must prove by a preponderance of the evidence that [the City of Columbus assigned her] because of [her opposition]. To determine that [Lt. McFadden was assigned] because of [her opposition], you must decide that [the City of Columbus] would not have [assigned her] if [she] had [opposed employment practices she sincerely and reasonably believed were racially discriminatory] but everything else had been the same."[18]

I am not instructing about the motivating factor standard because that is used for discrimination, rather than retaliation claims under Title VII and Ohio Laws Against Discrimination.  Essentially, if but for her criticism the City of Columbus would not have assigned her to the property room and physical and dirty duties inconsistent with her rank, there was causation.  I will return to instructing you on the motivating factor standard on her First Amendment retaliation claim.

"[Lt. McFadden] need not prove the merits of [her belief that the City of Columbus had engaged in racially discriminatory employment practices], but only that [she] was acting under a reasonable, good faith belief that [her or other officers'] right to be free from discrimination on the basis of [race] was violated."[19]

She can prove the causal connection "in many ways. For example, you may or may not find that there is a sufficient connection through timing, that is [the City of Columbus'] action

---

[18] *Seventh Circuit Model Jury Instructions*, § 3:02
[19] *Third Circuit Model Jury Instructions*, § 5.1.7

followed shortly after [it] became aware of [her opposition and criticism].  Causation is, however, not necessarily ruled out by a more extended passage of time. Causation may or may not be proven by antagonism shown toward [her][.]"[20]  As with discrimination, differential treatment of employees sufficient similar except for her opposition or procedural irregularities may convince you of a retaliatory motive.

If you find that Lt. McFadden has proved this by a preponderance of the evidence, then you must find for her. However, if you find that Lt. McFadden did not prove this by a preponderance of the evidence, then you must find for the City of Columbus.  If you find for her, then you must consider damages.

You may use the damages instructions I gave you for the discrimination claims in determining what amount, if any, of damages will fairly compensate Lt. McFadden for the City of Columbus's retaliation because she opposed employment practices she sincerely and reasonably believed had been racially discriminatory.

You must not, however, award Lt. McFadden damages more than once for the same injury.  For example, if you find that she suffered emotional distress from being discriminated against, you may not award her damages for the same emotional distress from being retaliated against.

### Ohio Laws Against Discrimination

Title VII of the Civil Rights Act of 1964 and the Ohio Laws Against Discrimination offer identical protection against retaliation.  I instruct you that, if you find that Lt. McFadden proved retaliation under Title VII by a preponderance, you must find that she has also proved retaliation under the Ohio Laws Against Discrimination.

---

[20] *Third Circuit Model Jury Instructions*, § 5.1.7

**<u>First Amendment Retaliation</u>**[21]

Lt. McFadden claims that the City of Columbus violated her constitutional right to free speech by transferring her to the property room during the investigation of allegations against her and assigning her physical and dirty duties inconsistent with her rank because she had opposed employment practices she sincerely and reasonably believed had been racially discriminatory. "The First Amendment to the United States Constitution gives persons a right to" freedom of speech.[22] "Government employees have a limited right to engage in free speech on matters of public importance, and government employers must not retaliate against their employees for exercising this right."[23]

To succeed on this claim, Lt. McFadden must prove each of six elements by a preponderance of the evidence: (1) she engaged in protected speech; (2) the City of Columbus intentionally assigned her to those duties in the property room; (3) her protected speech was a motivating factor for that assignment, though it need not have been the only motivating factor;[24] (4) such an assignment "would be likely to deter an ordinary employee in [her] circumstances from engaging in similar" speech; (5) the City of Columbus "acted under color of law"; and (6) the assignment reflected the policy or custom of the City of Columbus, rather than just the action of one or more of its employees.

If you find that Lt. McFadden did not prove each of these elements by a preponderance of the evidence, then you must decide for the City of Columbus. If you find that Lt. McFadden did

---

[21] Unless otherwise indicated, these proposed instructions are modified from the *Seventh Circuit Model Jury Instructions*, § 6:01. Quotation marks indicate sentences in the model instructions cited, while bracketed words or punctuation reflect a modification of the sentences.

[22] *Third Circuit Model Jury Instructions*, § 7.4.

[23] *Third Circuit Model Jury Instructions*, § 7.4.

[24] The *Third Circuit Model Jury Instructions*, § 7.4. use "motivating factor," while the *Seventh Circuit* uses "reason," and to make the instructions consistent, the former is used here.

prove each of these elements by a preponderance of the evidence, then you must decide for her, and consider the issue of damages.[25]

On the first element, "[i]t is my duty to instruct you on whether [Lt. McFadden] engaged in activity that was protected by the First Amendment. In this case, I instruct you that the following activity was protected by the First Amendment:"[26] any speech by Lt. McFadden you determine criticized the City of Columbus for discriminatory employment practices, including a hostile work environment, in its police department.

"The term 'oppose,' being left undefined by the statute, carries its ordinary meaning, 'to resist or antagonize [...]; to contend against; to confront; resist; withstand.' 'The opposition clause protects not only the filing of formal discrimination charges with the EEOC, but also complaints to management and less formal protests of discriminatory employment practices."[27]

Lt. McFadden loses that protection, however, if the City of Columbus proves that such speech was outweighed by its interests in promoting the efficiency of its operations.[28]  If you find that she engaged in speech criticizing the City of Columbus for discriminatory employment practices and the City of Columbus has not proved that such speech was so outweighed, then you must find that she proved the first element.

---

[25] If the City of Columbus pursues a "same decision" defense, then this modification from the Seventh Circuit could be given:  If you find that Lt. McFadden did prove each of these elements by a preponderance of the evidence, then you must consider whether the City of Columbus has proved by a preponderance of the evidence that there were other motivating factors than discrimination or retaliation that would have led it to assign her to the property room and those duties even if she had not engaged in protected speech. If you find that the City of Columbus proved this by a preponderance of the evidence, then you must decide for it. If you find that the City of Columbus did not prove this by a preponderance of the evidence, then you must consider damages.

[26] *Third Circuit Model Jury Instructions*, § 7.4.

[27] **Opinion and Order** ("O&O"), Doc #: 48, PAGEID #: 5302 (citing and quoting from *Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, 276 (2009) (citing Webster's New International Dictionary 1710 (2d ed.1958)); *Laster v. City of Kalamazoo*, 746 F.3d 714, 729–30 (6th Cir. 2014) (gathering cases of other examples of less formal protected activity).

[28] *Strouss v. Michigan Dep't of Corr.*, 250 F.3d 336, 346 (6th Cir. 2001).

On the third element, in proving that Lt. McFadden's "protected [speech] was a motivating factor for [the City of Columbus' assigning her to the property room and those duties] [she] is not required to prove that [her] protected [speech] was the sole motivation or even the primary motivation for [City of Columbus'] decision. [Lt. McFadden] need only prove that [her] protected [speech] played a motivating part in [the City of Columbus'] decision even though other factors may also have motivated [it]."[29]

Lt. McFadden could prove this element in a number of ways, and she need not have direct evidence, such as a superior saying "we are going to retaliate against you," to prove this element.  Circumstantial evidence from which you draw a reasonable inference may suffice to prove this element by a preponderance.  "The timing of events can be relevant, for example if [the City of Columbus'] action followed very shortly after [it] became aware of [her] protected [speech]. However, a more extended passage of time does not necessarily rule out a finding that [Lt. McFadden's] protected [speech] was a motivating factor. For instance, you may also consider any antagonism shown toward [her.]"[30]  "You may find that the [the City of Columbus] would not have discharged [Lt. McFadden] "but-for" [her opposition] if it has been proved that the [City of Columbus'] stated reason for its decision [is] not the real reason, but [is] a pretext to hide retaliation."[31]  If other employees are, apart from exercising free speech, sufficiently similarly situated but treated differently, you also find pretext.  In the same, significant procedural irregularities may support an inference that she was being singled out in retaliation.

---

[29] *Third Circuit Model Jury Instructions*, § 7.4.  *See also Eighth Circuit Model Jury Instructions*, § 10.40 ("In First Amendment retaliation cases under 42 U.S.C. § 1983, however, the courts have continued to apply the 'motivating factor' standard, and as a result, a 'same decision' instruction may be appropriate in such cases.").
[30] *Third Circuit Model Jury Instructions*, § 7.4.
[31] *Eighth Circuit Model Jury Instructions*, § 10.40

On the fifth element, I instruct you that at all times relative to her claims, the City of Columbus "acted under color of law." Thus, you must find that she proved that the City of Columbus "acted under color of law."

On the sixth element, the City of Columbus "is not responsible simply because it employed" those who decided to assign Lt. McFadden to the property room and those duties.[32] You can find a policy or custom if the decision was made by a policy-making official of the City of Columbus. This includes that official's "approval of a decision or policy made by someone else, even if that person is not a policy-making official."[33] I instruct you that the Police Chief is such an official. Thus, if you find that the Police Chief made the assignment decision or approved of it, you must find that Lt. McFadden proved this element by a preponderance of the evidence.[34]

You may recall that I did not give you an instruction on the responsibility of the City of Columbus for either discrimination or retaliation under Title VII of the Civil Rights Act of 1964 or the Ohio Laws Against Discrimination. Those laws do not require proof of this element, and, unless I otherwise instruct you, you should not use an instruction for one claim in deliberating about another claim. I gave you this instruction for the Equal Protection claim because the Fourteenth Amendment to the United States Constitution does require proof of this element.

On damages, if you find that Lt. McFadden proved all the elements by a preponderance of the evidence, then you should follow the instruction on damages I gave you for her discrimination claims.

### Omitting *McDonnell Douglas* Framework

---

[32] *Seventh Circuit Model Jury Instructions*, § 7.24.

[33] *Seventh Circuit Model Jury Instructions*, § 7.24.

[34] *See also Third Circuit Model Jury Instructions*, § 4.6.3 (instructing that "that [municipality's] official policy or custom caused the deprivation" which may be found from "a policy statement or decision that is officially made by [municipality's] [policy-making official][.]").

In its *Opinion and Order* on summary judgment, this Court properly used the *McDonnell Douglas* framework for analyzing circumstantial evidence.  Lt. McFadden urges the Court to follow the practice in other circuits and omit instructing the jury on that framework.  *See, generally, Blair v. Henry Filters, Inc.*, 505 F.3d 517, 526 (6th Cir. 2007) (surveying model instructions in other circuits).  *Accord Eighth Circuit Model Jury Instructions*, § 5.00 ("After all the evidence has been presented at trial, however, the inquiry should focus on the ultimate issue of intentional discrimination, not on any particular step in the *McDonnell Douglas* paradigm."); *Id.* at § 5.40 ("It is unnecessary and inadvisable to instruct the jury regarding the three-step analysis of *McDonnell Douglas*[.]").

First, to avoid confusing or distracting the jury, "trial courts should be discouraged from parroting the legal technicalities of *McDonnell Douglas* [*Corp. v. Green*, 411 U.S. 792 (1973),] and *Burdine* [*Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981)] in charging juries."  *Brown v. Packaging Corp. of Am.*, 338 F.3d 586, 587 (6th Cir. 2003) (Nelson, J., concurring).  Indeed, *McDonnell Douglas* did not even involve a jury trial.  *Id.* at 590.

Second, *McDonnell Douglas* established "***the order and allocation of proof*** in a private, non-class-action challenging employment discrimination." 411 U.S. at 800 (emphasis noted). Juries are not responsible for that.  *McDonnell Douglas* creates a presumption under Fed.R.Evid. 302, and that presumption "drops" from the case once it has shifted the burden of production. "Our cases make clear that at that point the shifted burden of production became irrelevant: 'If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted,' *Burdine,* 450 U.S., at 255, and 'drops from the case,' *id.,* at 255, n. 10." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993).

Third, the Sixth Circuit does not find error when a jury instruction omits the *McDonnell Douglas* framework.  *Kitchen v. Chippewa Valley Schools,* 825 F.2d 1004, 1012 (6ᵗʰ Cir.1987) ("[A] jury instruction will not automatically be erroneous simply because it does not precisely follow the legal niceties of *McDonnell Douglas* and *Burdine.*").  *Accord In re Lewis,* 845 F.2d 624, 634 (6ᵗʰ Cir. 1988) ("Rather than confuse the jurors with legal definitions of the burdens of proof, persuasion and production and how they shift under *McDonnell Douglas,* we find that the above instruction [on Michigan employment discrimination statute] was a clear and preferable statement of the law.").

Fourth, focusing on the ultimate question avoids injecting "the potentially confusing shifting of evidentiary burdens."  *Kitchen*, 825 F.2d at 1012.  Clear statements of the governing legal principles are preferable.  *Beard v. AAA of Mich.*, 593 F. Appx. 447, 453-454 (6ᵗʰ Cir. 2014).  *See also Marshall v. Rawlings Co., LLC*, No. 3:14-CV-00359-TBR, 2018 WL 3745832, at *11 (W.D. Ky. Aug. 7, 2018) ("Rawlings objected to this Court's decision not to include specific language discussing the burden-shifting approach of *McDonnell Douglas* in the jury instructions, and the Court explained that the instructions, as written, incorporated the rule and spirit of *McDonnell Douglas* 'in a way that [wa]s less confusing to the jury,' because 'when you say they've [plaintiff] carried their burden and then you rebut—I think that becomes—that's legalese for summary judgment motions but not necessarily for jur[ies]....'").  Incorporating elements of *prima facie* cases, production burden, and pretext may still be done without parroting *McDonnell Douglas*.  *Weimer v. Honda of Am. Mfg., Inc.*, 356 F. Appx. 812, 818 (6ᵗʰ Cir. 2009). After all, review of a jury verdict does not focus "on whether a plaintiff made out a prima facie case." *Tuttle v. Metro. Gov't of Nashville,* 474 F.3d 307, 317 n. 7 (6ᵗʰ Cir. 2007) (quoting *Barnes v. City of Cincinnati,* 401 F.3d 729, 736 (6ᵗʰ Cir. 2005)).

Fifth, as a jury instruction, *McDonnell Douglas* is misleading. As with presumptions generally, the factual predicates recognized in *McDonnell Douglas* shift the production burden **but are not the only** evidence that could do so. *See, e.g., Shah v. General Elec. Co.,* 816 F.2d 264, 269 (6th Cir.1987) ("some additional evidence tend[ing] to establish the inference of discrimination" apart from replacement could also satisfy the *prima facie* burden"). As the Supreme Court cautioned: "facts necessarily will vary in [discrimination] cases, and [that its] specification . . . of the *prima facie* proof required from [plaintiff] [would] not necessarily [be] applicable in every respect to differing factual situations." *McDonnell Douglas*, 411 U.S. at 802 n. 13. The Court "did not purport to create an inflexible formulation" for a *prima facie* case. *Teamsters v. United States,* 431 U.S. 324, 358 (1977). Title VII **lacks any language correlating to** the *McDonnell Douglas prima facie* case. Lt. McFadden "may meet this burden [of exposing pretext] under the ordinary standards of proof by direct or indirect evidence relevant to and sufficiently probative of the issue." *EEOC v. Clay Printing Co.*, 955 F.2d 936, 940 (4th Cir. 1992). *Accord Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 691 (9th Cir. 2017) ("nothing compels the parties to use the *McDonnell Douglas* framework," and plaintiff may simply produce "evidence demonstrating that a discriminatory reason 'more likely than not motivated' the employer").

Respectfully submitted,

By: */s/ Samuel M. Schlein*
Samuel M. Schlein (0092194)
(*sschlein@marshallforman.com*)
John S. Marshall (0015160)
(*jmarshall@marshallforman.com*)
Edward R. Forman (0076651)
(*eforman@marshallforman.com*)
Samuel M. Schlein (0092194)
(*sschlein@marshallforman.com*)
Helen M. Robinson (0097070)

**OF COUNSEL:**
Louis A. Jacobs (002101)
(*LAJOhio@aol.com*)
177 19th St., Apt. 9C
Oakland, CA 94612

(614) 203-1255                                    *(hrobinson@marshallforman.com)*
Fax (510) 250-9007                               MARSHALL FORMAN AND SCHLEIN
                                                 LLC
                                                 250 Civic Center Dr., Suite 480
                                                 Columbus, Ohio 43215-5296
                                                 (614) 463-9790
                                                 Fax (614) 463-9780

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing was filed with the Court on this 9 day of May, 2022 via the Court's electronic filing service .


By:*/s/ Samuel M. Schlein___*
Samuel M. Schlein (0092194)