IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MELISSA MCFADDEN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF COLUMBUS,<br><br>Defendant. | Case No. 2:18-cv-544<br><br>Chief Judge Edmund A. Sargus, Jr.<br><br>Magistrate Judge Jolson<br><br>**DEFENDANT'S PROPOSED CASE-SPECIFIC JURY INSTRUCTIONS** |

Defendant City of Columbus proposes the following case-specific jury instructions pursuant to the Court's Order Setting Trial Date and Settlement Conference issued on November 29, 2021 (ECF No. 56)

**STATEMENT OF THE CASE**

Melissa McFadden ("Plaintiff"), is employed with the City of Columbus, Division of Police. Plaintiff alleges Defendant, City of Columbus discriminated against her based on race and retaliated against her for engaging in protected activity, in violation of Title VII and Ohio Revised Code Ch. 4112, because she was subject to an internal investigation and temporarily reassigned over discriminatory comments she made to subordinate officers. Defendant, City of Columbus denies these claims.

It is your responsibility to decide whether Plaintiff has proven her claims by a preponderance of the evidence. I will discuss each of the elements necessary to prove these claims separately.

Federal Jury Practice and Instructions, Vol. 3C, Sec. 171.01 (West 6th Ed.)

**GENERAL INSTRUCTION**

42 U.S.C.A. §2000e-2(a) provides that:

It shall be an unlawful employment practice for an employer –

1. to fail or refuse to hire or to terminate any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

Federal Jury Practice and Instructions, Vol. 3C, Sec. 171:10 (West 6th Ed).

**DISPARATE TREATMENT**

In order for Plaintiff to establish her claim of race discrimination against Defendant, City of Columbus, in violation of Title VII and Ohio Revised Code Ch. 4112, Plaintiff has the burden of proving by a preponderance of the evidence that Defendant's actions were motivated by Plaintiff's race.

Plaintiff must prove Defendant, City of Columbus intentionally discriminated against her, that is, Plaintiff's race must be proven to have been a motivating factor in Defendant's decision to investigate and temporarily reassign her.

The mere fact Plaintiff is African American and was subject to an internal investigation and temporarily reassigned is not sufficient, in and of itself, to establish Plaintiff's claim under the law.

Federal Jury Practice and Instructions, Vol. 3C, Sec. 171.20 (West 6th Ed.)

**PRETEXT INSTRUCTION**

You must decide whether Plaintiff has proven by a preponderance of the evidence that her race was a determining factor in the Defendant's decision to investigate and temporarily reassign her.

Federal Jury Practice and Instructions, Vol. 3C, Sec. 171:28 (West 6th Ed).

**TANGIBLE EMPLOYMENT ACTION**

A "tangible employment action" is a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.

Federal Jury Practice and Instructions, Vol. 3C, Sec. 171.43 (West 6th Ed.)

**SAME DECISION INSTRUCTION**

If you determine Plaintiff proved that her race was a factor motivating or playing a part in Defendant's decision to investigate and temporarily reassign her, then you must find for Plaintiff unless you determine Defendant, City of Columbus showed it would have reached the same decision regardless of Plaintiff's race.

Federal Jury Practice and Instructions, Vol. 3C, Sec. 171:76 (West 6th Ed).

## **LEGITIMATE BUSINESS REASON**

You must also consider any legitimate, nondiscriminatory reason or explanation by Defendant, City of Columbus for its decision. If you determine Defendant, City of Columbus has stated such a reason, then you must decide in favor of the Defendant unless Plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for Defendant's discriminating against Plaintiff because of Plaintiff's race.

Federal Jury Practice and Instructions, Vol. 3C, Sec. 171:77 (West 6th Ed).

**ELEMENTS OF PLAINTIFF'S RETALIATION CLAIM**

In order to prove her claim of retaliation in violation of Title VII and Ohio Revised Code Ch. 4112, Plaintiff must prove, by the greater weight of the evidence, that she was subjected to an internal investigation and temporarily reassigned because she engaged in protected activity by opposing an unlawful, discriminatory practice. The burden of proof is always with Plaintiff.

Thus, Plaintiff must prove each of the following elements by the greater weight of the evidence:

1. That Plaintiff engaged in protected activity
2. That this exercise of protected activity was known to Defendant
3. That the Defendant thereafter took a materially adverse employment action against her; and
4. That there was a causal connection between the protected activity in which Plaintiff engaged and the adverse employment action.

If you find by a greater weight of the evidence that Plaintiff has proven each of the above elements, you must return a verdict for the Plaintiff. If you find that Plaintiff has failed to prove, by a greater weight of the evidence, any one of the elements of her claim, your deliberations are over, and you must find for Defendant.

*Hamilton v. Gen. Elec. Co.,* 556 F.3d 428, 435 (6th Cir. 2009).
*Abbott v. Crown Motor Co., Inc,* 348 F.3d 537, 542 (6th Cir. 2003).

**PROTECTED ACTIVITY**

In order to prove she engaged in protected activity, Plaintiff must prove by the greater weight of the evidence that she opposed an activity or practice that is unlawful and discriminatory under Title VII. An activity or practice is unlawful under Title VII if it is based on race, color, religion, or national origin. An activity or practice is unlawful under Ohio Revised Code 4112.02 if it is based on race, color, religion, sex, military status, national origin, age, or ancestry. Plaintiff must reasonably believe she was opposing conduct that is unlawful and discriminatory. Whether one has a reasonable belief includes both a subjective and objective component. Plaintiff must have a good faith belief that Defendant engaged in a discriminatory and unlawful activity or practice (the subjective component). Plaintiff's belief must also be reasonable in light of the surrounding facts. In other words, a reasonable person would find the conduct to be unlawful and discriminatory (the objective component).

*Johnson v. Univ. of Cincinnati,* 215 F.3d 561, 579-80 (6th Cir. 2000)
*Offutt v. Warren County Regional Jail,* 109 Fed. Appx. 740 (6th Cir. 2004)
*Warren v. Ohio Dept. Public Safety,* 24 Fed. Appx. 259, 265 (6th Cir. 2004)

**MATERIALLY ADVERSE EMPLOYMENT ACTION**

Plaintiff must prove by a greater weight of the evidence that she was subjected to a materially adverse employment action. A materially adverse employment action is one that a reasonable employee would find materially adverse and which would dissuade a reasonable employee from making or supporting a charge of discrimination. A materially adverse employment action is more than petty slights or minor annoyances. De minimus employment actions are not materially adverse.

*Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 126 S. Ct. 2405, 2415 (2006).
*Bowman v. Shawnee State University,* 220 F.3d 456, 462 (6th Cir. 2000).

## **CAUSAL CONNECTION**

To establish a causal connection, Plaintiff must prove, by the greater weight of the evidence, that the protected activity was the likely reason for the adverse action.

*EEOC v. Avery Dennison Corp.,* 104 F.3d 858, 861 (6th Cir. 1997)

**BUSINESS JUDGMENT INSTRUCTION**

You may not return a verdict for Plaintiff just because you might disagree with Defendant's decision. An employer has the right to make personnel decisions for any reason that is not discriminatory or retaliatory.

*Brocklehurst v. PPG Industries, Inc.,* 123 F.3d 890 (6th Cir. 1997)
*Walker v. AT&T Technologies,* 995 F.2d 846 (8th Cir. 1993)
*Wolff v. Brown,* 128 F.3d 682, 685 (8th Cir. 1997)

**<u>AFFIRMATIVE DEFENSE INSTRUCTION</u>**

If you find in Plaintiff's favor for each fact she must prove, you must decide whether Defendant, City of Columbus has shown by a preponderance of the evidence that it would have investigated and temporarily reassigned Plaintiff even if Defendant, City of Columbus had not taken Plaintiff's race into account.  If you find that Plaintiff would have been investigated and temporarily reassigned for reasons other than her race, you must make that finding in your verdict.

If you find for Plaintiff and against Defendant, City of Columbus on this defense, you must consider Plaintiff's compensatory damages.

<u>Federal Jury Practice and Instructions</u>, Vol. 3C, Sec. 171:20 (West 6th Ed)

**COMPENSATORY DAMAGES**

If you find that Defendant retaliated against Plaintiff in violation of Title VII and Ohio Revised Code 4112.02, you should consider what to award.  You may award only such damages as will reasonably compensate Plaintiff for such injury and damages as you find, by a preponderance of the evidence, that she has sustained as a direct consequence of the acts of Defendant.  The fact that I am instructing you about the general law of damages is in no way indicative of whether you should or should not award damages in this particular case.  Instructions concerning damages do not in any fashion indicate my views as to whether the Plaintiff has or has not met her burden to prove that the Defendant acted unlawfully so as to cause her damages.

If you find that Defendant retaliated against Plaintiff in violation of Title VII and Ohio Revised Code 4112.02, you may award damages to compensate for the retaliation.  These are known as actual or compensatory damages.  You may award compensation only for such injuries and damages that Plaintiff demonstrated she sustained by a preponderance of the evidence.  You may not consider remote, indefinite, or speculative injuries or damages.  Damages must not be based on speculation or sympathy.  They must be based on evidence presented at trial, and only on that evidence.  Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Federal Jury Practice and Instructions, Vol. 3C, Sec. 171.90 (West 6th Ed.)

**MULTIPLE CLAIMS**

You must not award compensatory damages more than once for the same injury. If Plaintiff prevails on both her Title VII and Ohio Revised Code 4112.02 claims and establishes a dollar amount for her injuries, you must not award any additional compensatory damages on each claim. Plaintiff is only entitled to be made whole once, and may not recover more than she has lost.

**NO PUNITIVE OR EXEMPLARY DAMAGES**

If you find in favor of Plaintiff on her claim of retaliation and if you determine Plaintiff is entitled to damages, in determining the amount of damages you may not include or add to the damages any sum for the purpose of punishing Defendant, City of Columbus, or serving as an example to warn others.

42 U.S.C. §1981a (b)(1)

Federal Jury Practice and Instructions, Vol. 3C, Sec. 171.94 (West 6th Ed.)

**MITIGATION OF DAMAGES**

Plaintiff must make every reasonable effort to minimize or reduce her damages. This is referred to as "mitigation of damages." Defendant has the burden to prove by a preponderance of the evidence that Plaintiff failed to mitigate economic damages. If you find by a preponderance of the evidence Plaintiff unreasonably failed to take advantage of an opportunity to lessen damages, you should deny her recovery for those damages she would have avoided had she taken advantage of the opportunity. You must not compensate Plaintiff for any of Plaintiff's loss of compensation resulting from Plaintiff's failure to make reasonable efforts to reduce her loss of compensation.

Federal Jury Practice and Instructions, Vol. 3C, Sec. 171.95 (West 6th Ed.)

**ATTORNEY FEES**

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees, if relevant at all, are for the Court to decide and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of damages.


Authority:   42 U.S.C. Sec. 2000e-5(k)
             *Fisher v. City of Memphis,* 234 F.3d 312, 319 (6th Cir. 2000)

Respectfully Submitted,

/s/ Paul M. Bernhart
Westley M. Phillips (0077728)
Susan E. Williams (0073375)
Paul M. Bernhart (0079543)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 North Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
wmphillips@columbus.gov
sewilliams@columbus.gov
pmbernhart@columbus.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2022, I electronically filed the foregoing with the Clerk of the Court by using this Court's CM/ECF system, which will send a notice of this electronic filing to all counsel of record in this matter.

/s/ Paul M. Bernhart
Paul M. Bernhart (0079543)