# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MELISSA MCFADDEN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF COLUMBUS,<br><br>Defendant. | Case No. 2:18-cv-544<br><br>Chief Judge Edmund A. Sargus, Jr.<br><br>Magistrate Judge Jolson<br><br>**DEFENDANT'S MOTION FOR AN ORDER *IN LIMINE*** |

Defendant City of Columbus moves *in limine* for an order excluding the following evidence, testimony or statements: (1) related to Plaintiff's dismissed procedural due process claim; (2) related to any investigation, disciplinary charge and disposition of disciplinary charge against any employee of the Columbus Division of Police; (3) related to Plaintiff's workplace injury; (4) relating to any other lawsuits, complaints, or charges against the Columbus Division of Police and its employees not related to the claim at issue; and (5) excluding any witness or exhibit not properly disclosed or exchanged in accordance with the Court's Pretrial Order. A memorandum in support is attached.

Respectfully Submitted,

/s/ Paul M. Bernhart
Westley M. Phillips (0077728)
Susan E. Williams (0073375)
Paul M. Bernhart (0079543)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 North Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
wmphillips@columbus.gov
sewilliams@columbus.gov
pmbernhart@columbus.gov
*Attorneys for Defendant*

## MEMORANDUM IN SUPPORT

### I. BACKGROUND

This is an employment discrimination and retaliation case brought by Plaintiff Melissa McFadden, a lieutenant with the Columbus Division of Police ("CPD") arising out of her temporary reassignment, pending an investigation into allegations that Plaintiff created a hostile work environment and violated EEO laws. Plaintiff asserts that the City of Columbus ("City") discriminated against her on the basis of her race and retaliated against her for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and Ohio Revised Code § 4112.02. Plaintiff also alleged that the City violated her procedural due process rights when CPD investigated the allegations against her but that claim was dismissed by the Court on summary judgment. The only remaining issue for trial is whether the City discriminated against Plaintiff on the basis of race and retaliated against her when it temporarily reassigned her pending an investigation into allegations of race discrimination.

### II. LEGAL STANDARD

"Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016). The practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont*, 348 F. Supp. 3d at 721 (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). However, courts are generally reluctant to grant broad exclusions of evidence before trial because "a court is almost always better

situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Unless the moving party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Koch*, 2 F. Supp. 2d at 1388 ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."). The denial, in whole or in part, of a motion *in limine* does not give a party license to admit all evidence contemplated by the motion; it simply means that the Court cannot adjudicate the motion outside of the trial context. *Ind. Ins Co.*, 326 F. Supp. 2d at 846.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is" inadmissible. Fed. R. Evid. 402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019); *see also Paschal v. Flagstar Bank*, 295 F.3d 565, 576 (6th Cir. 2002).

### III. ANALYSIS

#### A. PLAINTIFF'S DISMISSED PROCEDURAL DUE PROCESS CLAIM

In her Complaint, Plaintiff alleged that the City violated her right to due process when it temporarily reassigned her to the property room pending an investigation into allegations that she created a hostile work environment and violated EEO laws. However, the Court granted summary

judgment in the City's favor on Plaintiff's procedural due Process claim. *See* OP. & ORDER (DOC #48 at #5319). The Court determined that "[Plaintiff's] assignment to the property room pending investigation and subsequent hearing cannot be said to amount to a situation lacking process" and that "the City has strong administrative, fiscal, and efficacy related interests in moving police without delay". (*Id.*) Thus, Plaintiff should be prohibited from making any inquiry, comment, or argument regarding the City's actions after Plaintiff was temporarily reassigned to the property room. This would include any evidence, testimony, mention, or argument at trial, facts, opinions, or conclusions developed regarding the investigation, disciplinary charges, hearing and disposition of disciplinary charges against Plaintiff. Any evidence pertaining to these allegations is irrelevant, unfairly prejudicial, and confusing to the jury.

**B.    INVESTIGATIONS AND DISCIPLINARY CHARGES AGAINST ANY OTHER EMPLOYEE OF THE COLUMBUS DIVISION OF POLICE**

Because the Court granted summary judgment to the City on Plaintiff's procedural due process claim regarding the City's investigation and the results of the investigation, the manner and results of the investigation are no longer an issue in this case. Accordingly, the parties have agreed that the only issue for trial is whether the City discriminated and retaliated against Plaintiff when it temporarily reassigned her to the property room pending an investigation that she created a hostile work environment and violated EEO laws. Similarly, the Parties filed stipulations on whether alleged similarly situated employees were reassigned pending an EEO investigation and the measures the City took to protect employees that filed EEO complaints during the investigation. While the parties negotiated these stipulations, the parties agreed that Plaintiff would not offer evidence, testimony, or statements regarding the manner and results of the City's investigations of alleged similarly situated employees. Thus, Plaintiff should be prohibited from introducing, directly or indirectly, through evidence, testimony, mention, or argument at trial,

facts, opinions, or conclusions developed related to any investigation, disciplinary charge or disposition of disciplinary charge against any employee of the Columbus Division of Police outside of the stipulations. Any evidence pertaining to these allegations is irrelevant, unfairly prejudicial, and confusing to the jury.

### C. PLAINTIFF'S WORKPLACE INJURY

Plaintiff alleges that she injured her shoulder while performing work in the property room. Plaintiff currently has an open workers' compensation claim for that alleged injury. Ohio law precludes Plaintiff from re-litigating her work injury claim in this case. The Ohio Workers' Compensation statute provides that employers "shall not be liable to respond in damages at common law or by statute for any injury, occupational disease, or bodily condition, received or contracted by an employee in the course of or arising out of [her] employment." Ohio Rev. Code § 4123.74. Any evidence pertaining to the alleged workplace injury is irrelevant, unfairly prejudicial, and confusing to the jury. Ohio courts accordingly recognize the general rule that workers' compensation is the exclusive remedy for an employee injured as a result of negligence. *Ritchie v. Dravo Corp.*, 585 F.Supp 1455, 1456 (S.D. Ohio 1984); *Alessio v. United Airlines, Inc.*, 2018 U.S. Dist LEXIS 25120, *15, 2018 WL 902334. Thus, to the extent that Plaintiff is seeking reimbursement of her medical bills, or money to pay for future medical expenses relating to her injury, her remedies are limited to those provided by Ohio workers' compensation statute. *Williams v. GM*, S.D. Ohio No. 1:13-cv-336, 2014 U.S. Dist. LEXIS 117216, at *14-15 (July 28, 2014). Therefore, Plaintiff should be prohibited from introducing, directly or indirectly, through evidence, testimony, mention, or argument at trial, facts, opinions, or conclusions regarding her workplace injury. Any evidence pertaining to these allegations is irrelevant, unfairly prejudicial, and confusing to the jury.

5

### D. OTHER LAWSUITS, COMPLAINTS, OR CHARGES AGAINST THE COLUMBUS DIVISION OF POLICE AND ANY OF ITS EMPLOYEES NOT RELATED TO THE CLAIM AT ISSUE

Plaintiff should be prohibited from making any inquiry, comment, or argument pertaining to any other lawsuits, complaints, or charges against the Columbus Division of Police or its employees other than the claim at issue. In addition to being immaterial, confusing, and unduly prejudicial, such evidence is not relevant to the issue of whether the City discriminated against Plaintiff on the basis of race or and retaliated against her for engaging in protected activity. Fed. R. Evid. 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Accordingly, these other acts are not admissible to prove the character of the Defendant or its decision makers to establish that the City discriminated against Plaintiff on the basis of race or retaliated against her for engaging in protected activity. Rule 404(b) also provides for the admissibility of other "acts" to show "proof of motive, opportunity, knowledge, identity, or absence of mistake or accident…" However, other incidents, if any exist, are not probative of any alleged motive to discriminate or retaliate against Plaintiff. The remaining purposes listed (opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident) are not at issue. Thus, Plaintiff should be prohibited from introducing, directly or indirectly, through evidence, testimony, mention, or argument at trial, facts, opinions, or conclusions regarding any other lawsuits, complaints, or charges against the Columbus Division of Police. Any evidence pertaining to these allegations is irrelevant, unfairly prejudicial, and confusing to the jury.

### E. WITNESSES & EXHIBITS NOT TIMELY DISCLOSED OR EXCHANGED

The parties in this matter were required to submit witness lists and exhibit lists to one another and to this Court on May 2, 2022. ORDER SETTING TRIAL DATE (DOC. 56, #5348). The Order Setting Trial Date and Settlement Conference states that "[t]he parties shall submit to the

Court, and serve on opposing counsel, the names, addresses and occupations of all witnesses they intend to call at trial…Failure to list a witness, except upon a showing of good cause, will preclude the use of that witness at trial. ID. at #5351. Similarly, the Order states that "[e]ach party shall exchange and file a list containing a brief description of each item of documentary or physical proof the party intends to offer in evidence as an exhibit at trial." (*Id*.)  Fed. R. Civ. P. 26(a)(3) and Fed. R. Civ. P. 37(c)(1) direct the Court to exclude witnesses and exhibits from trial unless they are identified prior to trial in a timely manner as instructed by the Court. Here, the Court clearly and expressly instructed the parties to identify the witnesses they intend to call and the exhibits they intend to present by May 2, 2022. (*Id*.) The parties should be precluded from calling any witnesses or presenting any evidence except those properly disclosed and exchanged between the parties.

## IV.    CONCLUSION

For the reasons stated above, Defendant respectfully asks this Court for an Order excluding evidence, testimony or statements: (1) related to Plaintiff's dismissed Procedural Due Process claim; (2) related to any investigation, disciplinary charge and disposition of disciplinary charge against any employee of the Columbus Division of Police; (3) related to Plaintiff's workplace injury; (4) relating to any other lawsuits, complaints or charges against the Columbus Division of Police and its employees not related to the claim at issue; and (5) excluding any witnesses or exhibits not properly disclosed or exchanged in accordance with the Court's Pretrial Order.

Respectfully Submitted,

/s/ Paul M. Bernhart
Westley M. Phillips (0077728)
Susan E. Williams (0073375)
Paul M. Bernhart (0079543)
Assistant City Attorneys

CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 North Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
wmphillips@columbus.gov
sewilliams@columbus.gov
pmbernhart@columbus.gov
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2022, I electronically filed the foregoing with the Clerk of the Court by using this Court's CM/ECF system, which will send a notice of this electronic filing to all counsel of record in this matter.

/s/ Paul M. Bernhart
Paul M. Bernhart (0079543)