# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA McFADDEN, | : | CIVIL ACTION NO. 18cv544 |
| Plaintiff, | : | |
| | : | JUDGE SARGUS |
| v. | : | |
| | : | MAGISTRATE JUDGE JOLSON |
| CITY OF COLUMBUS, | : | |
| Defendant | : | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Melissa McFadden makes the following objections to Defendant's Proposed Jury Instructions.

Defendant's Proposed Instruction:

- Omits Equal Protection

- Omits First Amendment

- Uses "Plaintiff" instead of "Lt. McFadden" throughout.

- Starts for Disparate Treatment with "a motivating factor" but then switches under Pretext to "a determining factor." Does not explain, the way our proposed JI do, what either means, and further confuses by saying under Disparate Treatment "intentionally " discriminated. Broadens focus discrimination being a motivation for the investigation, while our proposed JI focus on the punitive reassignment during investigation, not the investigation itself. (Doc # 68 PAGE ID 5424)

- Omits the "overlapping claims" sentence in our proposed JI.

- Gives a "Tangible" definition without earlier explaining that tangibility is an element. (Doc # 68 PAGE ID 5426)

- Under "Same Decision" uses "showed" rather than "proved by a preponderance of the evidence," the phrase City uses for Lt. McFadden's burden, then later under

1

"Affirmative Defense" uses the proper language; therefore, omit the "Same Decision" instruction since somewhat duplicative yet different from catch-all "Affirmative Defense" one. In the latter, refers only to race (since discrimination can be proven by a motivating factor) without explaining that inapplicable to retaliation. If going to include, relocate to discrimination portion and clarify that, on Lt. McFadden's discrimination claim, the City of Columbus *etc.* (Doc # 68 PAGE ID 5427)

- Under "Legitimate Business Reason" includes only one of the three alternative ways (not true reason, rather then alternatively more likely motivated or insufficient to motivate).

- Under "Protected Activity" initially suggests that the practice she opposed must have been illegal, then confuses by adding that she need only believe it so.

- Under "Causal Connection" for retaliation, omits "but for" and substitutes "the likely reason" for the adverse action. Hard to know whether this is better for Lt. McFadden, but our proposed JI accurately describe: "if but for her criticism the City of Columbus would not have assigned her to the property room and physical and dirty duties inconsistent with her rank, there was causation."

- On "Compensatory Damages," omits discrimination from the first sentence (though mentioned damages under the "Affirmative Defense." Also omits the components, especially humiliation, anguish, frustration, and sadness," we describe, as well as the absence of any need for evidence on the dollar value of such damages.

- On "Mitigation," the City starts with Lt. McFadden "must make every reasonable effort to minimize or reduce her damages." The "every" overstates. Under Sixth Circuit law, "[a] claimant is only required to make reasonable efforts to mitigate damages, and is not held to the highest standards of diligence." *Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983). We object to the entire mitigation instruction unless the City gives some illustration to the jury about what mitigation might involve. While a terminated employee bringing an employment discrimination or retaliation case has a duty to mitigate damages by seeking substantially equivalent employment, *Pittington v. Great Smoky Mountain Lumberjack Feud*, LLC, 880 F.3d 791, 799 (6th Cir. 2018), imposing that duty in a reassignment case strays from economic damages, just as the first but not all the sentences in the City's JI does, and insinuates to a jury contributory negligence, more aggressive mental or psychological health treatment, and perhaps even better care for physical injury. If given at all, must focus on economic damages and illustrate since the typical mitigation of alternative employment is not at issue. (Doc # 68 PAGE ID 5438)

Respectfully submitted,

By: */s/ John S. Marshall*
John S. Marshall (0015160)
*(jmarshall@marshallforman.com)*
Samuel M. Schlein (0092194)
*(sschlein@marshallforman.com)*
MARSHALL AND FORMAN LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

**OF COUNSEL:**
Louis A. Jacobs (002101)
(*LAJOhio@aol.com*)
177 19th St., Apt. 9C
Oakland, CA 94612
(614) 203-1255
Fax (510) 250-9007

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed with the Court on this 18 day of May, 2022, using the CM/ECF system, which will send notification of such filing to all counsel of record. Parties may access this filing through the court's filing system.

By: */s/ John S. Marshall*
John S. Marshall (0015160)