# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MELISSA MCFADDEN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF COLUMBUS,<br><br>Defendant. | Case No. 2:18-cv-544<br><br>Chief Judge Edmund A. Sargus, Jr.<br><br>Magistrate Judge Jolson<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER *IN LIMINE*** |

Plaintiff moved for an Order *in Limine* prohibiting Defendant from introducing evidence "in an ongoing investigation *after* her reassignment on March 13, 2017, to the Property Room, including the Chief's recommendation of her termination and the Safety Director's rejection of that recommendation, apart from the undisputed facts that she was fully reinstated and competently performed the duties assigned to her since." Defendant generally does not oppose Plaintiff's request.

Plaintiff identifies several reasons to have such evidence excluded, including the fact that this Court ordered summary judgment for Defendant on her procedural due process claim regarding that later phase of the ongoing investigation; consequently, Plaintiff argues, the manner and results of the investigation are no longer an issue. Defendant agrees.

Plaintiff had alleged that the City violated her right to due process when it temporarily reassigned her to the property room pending an investigation into allegations that she created a hostile work environment and violated EEO laws. However, the Court granted summary judgment in the City's favor on Plaintiff's procedural due Process claim. *See* OP. & ORDER (DOC #48 at #5319). The Court determined that "[Plaintiff's] assignment to the property room pending investigation and subsequent hearing cannot be said to amount to a situation lacking process" and

that "the City has strong administrative, fiscal, and efficacy related interests in moving police without delay". (*Id*.)  Thus, Defendant has also moved, *in Limine* for a similar Order asking that Plaintiff be prohibited from making any inquiry, comment, or argument regarding the City's actions after Plaintiff was temporarily reassigned to the property room. This would include any evidence, testimony, mention, or argument at trial, facts, opinions, or conclusions developed regarding the investigation, disciplinary charges, hearing and disposition of disciplinary charges against Plaintiff. Any evidence pertaining to these allegations is irrelevant, unfairly prejudicial, and confusing to the jury.

While Defendant does not oppose Plaintiff's request for an Order prohibiting it from offering evidence of the investigation, disciplinary charges and disposition of disciplinary charges against Plaintiff, Plaintiff has agreed, in turn, not to offer evidence of the investigation, disciplinary charges, and disposition of disciplinary charges against any alleged similarly situated employee. The parties have agreed that the only issue for trial is whether the City discriminated and retaliated against Plaintiff when it temporarily reassigned her to the property room pending an investigation that she created a hostile work environment and violated EEO laws. The Parties have filed stipulations on whether alleged similarly situated employees were reassigned pending an EEO investigation and the measures the City took to protect employees that filed EEO complaints during the investigation. Thus, Defendants have moved for an Order *in Limine* that Plaintiff should likewise be prohibited from introducing, directly or indirectly, through evidence, testimony, mention, or argument at trial, facts, opinions, or conclusions developed related to any investigation, disciplinary charge or disposition of disciplinary charge against any employee of the Columbus Division of Police outside of the stipulations. Any evidence pertaining to these allegations is irrelevant, unfairly prejudicial, and confusing to the jury.

Defendant generally does not oppose Plaintiff's motion for an Order *in Limine*. Alas, Defendant requests an even playing field prohibiting Plaintiff from offering the same evidence against any alleged similarly situated employee that she requests be excluded from introduction against her.

    Respectfully Submitted,

/s/ Paul M. Bernhart
Westley M. Phillips (0077728)
Susan E. Williams (0073375)
Paul M. Bernhart (0079543)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 North Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
wmphillips@columbus.gov
sewilliams@columbus.gov
pmbernhart@columbus.gov
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2022, I electronically filed the foregoing with the Clerk of the Court by using this Court's CM/ECF system, which will send a notice of this electronic filing to all counsel of record in this matter.

/s/ Paul M. Bernhart
Paul M. Bernhart (0079543)