UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MELISSA MCFADDEN,**

  **Plaintiff,**

v.

**CITY OF COLUMBUS,**

  **Defendant.**

Case No. 2:18-cv-544
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On May 31, 2022, this Court conducted a teleconference to address Defendant City of Columbus' (the "City") objection to Plaintiff Melissa McFadden's ("Lt. McFadden") stated intention to designate certain non-party witnesses as "adverse" pursuant to Federal Rule of Evidence 611(c). For the reasons stated herein, the Court **SUSTAINS** the City's objection.

### I.

On August 16, 2021, Lt. McFadden filed a list identifying nineteen different witnesses whose testimony she intends to elicit at trial. (ECF No. 49.) Two of those witnesses are Sergeants ("Sgts.") Christopher Odom and Christopher Smith-Hughes. (*Id.*) Both officers, as long-term colleagues of Lt. McFadden at the Columbus Division of Police ("CPD"), will apparently offer testimony regarding (1) Lt. McFadden's professional reputation when she was reassigned to the CPD's property room; (2) her lack of any "discriminatory or hostile conduct" as a CPD officer; and (3) the CPD's "reassignment" practices. (*Id.*)

The City contends—and Lt. McFadden does not deny—that Lt. McFadden will call Sgts. Odom and Smith-Hughes as "adverse" witnesses during her case-in-chief, thereby invoking Rule 611(c) to ask "leading" questions. It objects to this strategy on the basis that neither officer is actually "adverse" to Lt. McFadden. To that end, the City asks this Court for an order *in limine*

1

prohibiting Lt. McFadden from invoking Rule 611(c) during Sgt. Odom's and Sgt. Smith-Hughes' direct examination. Lt. McFadden, by contrast, argues that such a ruling would defy Rule 611(c)'s plain text, which allows for any witness "identified with an adverse party" to be deemed "adverse" as a matter of law.

## II.

Rule 611(c) generally discourages parties from asking "leading" questions during direct examination. Fed. R. Evid. 611(c). The thought process behind this rule is straightforward: questions which suggest or presume an answer inherently risk eliciting testimony that "subtitut[es] . . . the attorney's language for the thoughts of the witness," thereby hindering the jury's ability to assess the testifier's credibility or otherwise adjudicate "material facts in dispute." Am. Jur. 2d Witnesses § 659 (2022). Sometimes, though, a party's own witness may be so "hostile" or "adverse" to their examiner that his or her testimony must be developed less organically. In that event, Rule 611(c) vests courts with the discretion to permit leading questions as needed during direct examination. Fed. R. Evid. 611(c).

"Prior to the adoption of Rule 611(c), before a party could lead a witness on direct examination, it had to be shown that the witness was *actually* hostile or was an adverse party, officer, director, or managing agent of such adverse party." *Satgunam v. Basson*, No. 1:12-cv-220, 2016 WL 9274720, at *1 (W.D. Mich. Nov. 4, 2016) (quoting *Haney v. Mizzell Mem'l. Hosp.*, 744 F.2d 1467, 1478 (11th Cir. 1984) (emphasis added)). But Rule 611(c) somewhat changed the equation—namely, by allowing courts to presume hostility with any witness who "identifie[s] with an adverse party." Fed. R. Evid. 611(c); *Satgunam*, 2016 WL 9274720, at *1 (noting that Rule 611(c) "significantly enlarged the class of witnesses presumed hostile, and therefore subject to interrogation by leading questions without further showing of actual hostility") (citations and

2

internal quotation marks omitted). The rule, however, by no means provides "the calling party an *absolute right* to ask leading questions" whenever they put such a witness on the stand. *Gates v. City of Memphis*, 210 F.3d 371, at *2 (6th Cir. 2000) (emphasis added). Indeed, as the United States Court of Appeals for the Sixth Circuit noted in *Gates*, "[t]here may be instances" where a witness simultaneously "identifies" with both sides of a given dispute. *Id.* (noting, in the context of federal civil rights suit launched by the family of a slain Memphis police officer against the Memphis Police Department, that "although a [police] witness is identified with the opposing party, he or she [may] also identif[y], because of sympathy or bias, with the calling party"). In those cases, the underlying purpose of Rule 611(c)—to facilitate the development of witness testimony—is hardly applicable.

This appears to be one of those cases. Lt. McFadden has yet to highlight any "adverse" quality of Sgts. Odom and Smith-Hughes outside of their CPD employment. And given (1) the fact "both sides of [this] case [will] be calling members of the [CPD]," as well as (2) the favorable testimony Sgts. Odom and Smith-Hughes will apparently provide for Lt. McFadden, designating either officer as "adverse" to Lt. McFadden under Rule 611(c) makes little sense. *See id.*

Thus, at this juncture, the City's objection is **SUSTAINED**. However, should Lt. McFadden develop the testimony of Sgt. Odom and/or Sgt. Smith-Hughes enough to demonstrate that either officer is actually "adverse" to Lt. McFadden, the Court will reexamine the issue. *See id.* ("Where, as in this case, members of the police department were identified with both parties, the court properly favored the use of direct examination until such time as it became evident that a particular witness was in fact adverse.").

This case shall remain open.

    **IT IS SO ORDERED.**

3

4

**6/3/2022**                                                      **s/Edmund A. Sargus, Jr.**
**DATE**                                                           **EDMUND A. SARGUS, JR.**
                                                                   **UNITED STATES DISTRICT JUDGE**