**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MELISSA MCFADDEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF COLUMBUS,<br><br>　　　　Defendant. | Case No. 2:18-cv-544<br><br>Judge Edmund A. Sargus, Jr.<br><br>Magistrate Judge Jolson<br><br>**DEFENDANT'S MEMORANDUM CONTRA PLAINTIFF'S PETITION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND BILL OF COSTS** |

**I.    Introduction**

After four years of litigation and a five day jury trial, the jury found for Plaintiff but awarded her only $1.00 in nominal damages on each of her two claims. Knowing that a plaintiff is not entitled to an award of attorney's fees when a jury awards only nominal damages, Plaintiff filed a post-trial motion for equitable relief in a futile attempt at to prove she achieved any success through litigation. Defendant filed a memorandum contra in response to Plaintiff's motion. (Doc. No. 114). Arguments are pending before this Court. After the jury issued its award, Plaintiff and her attorneys publicly expressed that this case "was more about the principle than money" and that Plaintiff "is pleased with the verdict." (See Ex. A; Columbus Dispatch article 6.14.22). However, shortly thereafter, Plaintiff filed a motion requesting a new trial on damages claiming that the jury award was "blatantly unfair" and "insulting". (See Ex. B; Dispatch article 6.28.22)  Plaintiff now requests $188,768.50 in attorneys' fees and $12,989.63 in expert costs. (Doc No. 113)  In addition, Plaintiff filed a bill of costs requesting an additional $14,974.58 in costs. (Doc. No. 109)  Plaintiff is not entitled to an award of attorney's fees or costs because she recovered only nominal damages

at trial and is therefore "entitled to no attorney's fees at all". *Farrar v. Hobby*, 506 U.S. 103, 112, 113 S.Ct 566, 121 L. Ed. 2d 494 (1992).

Plaintiff made a $623,660 settlement demand prior to trial which identified $51,000 in economic damages and $375,000 in damages for physical injury and emotional distress. (See Ex. C; 4.11.2022 Settlement Demand) In other words, Plaintiff claimed she was entitled to $421,000 in compensatory damages. (*Id.*) The Final Pretrial Order confirmed Plaintiff's position. "This is an action for compensatory damages, costs, and attorneys' fees based on the alleged racial discrimination, retaliation, equal protection and First Amendment violations against Plaintiff by Defendant". (Doc No. 83 PAGEID 5499) Plaintiff's counsel again confirmed at the Final Pretrial Conference that Plaintiff was seeking economic damages as well as damages for physical injury and emotional distress. Plaintiff presented evidence at trial claiming she was entitled to significant compensatory damages. She offered exhibits detailing loans, tuition statements, bills and other economic damages. (Pl. Trial Ex's. 17, 18, 19) Plaintiff and her husband both testified at length about her physical injury and the emotional distress Plaintiff allegedly suffered as a result of being reassigned to the property room. (Plaintiff's testimony, day two trial transcript at 143:10-13, 145:7-9, 146:17-19, 147:14-15, 22-23, 148:2-24, 151:24-152:6, 167:2-22; Charles McFadden testimony, day three trial transcript at 85:5-10, 86:7-10, 86:22-87:1, 90:8-15[1]). Plaintiff testified she tore her rotator cuff, injured her neck, and was off work for 18 months. (Day two trial transcript at 147:3-15, 152:7-12). The Jury considered this evidence and determined that Plaintiff was not entitled to compensatory damages and instead awarded her $1.00 in nominal damages on each of her two

---

[1] All citations to the record are taken from the uncertified rough draft transcripts. Defendant ordered the certified official transcripts but at the time of this filing has not received them. Plaintiff filed the uncertified rough draft transcripts (Doc Nos. 110-1 – 110-4) and cited to testimony from those transcripts in her Petition for Award of Attorneys' Fees and Expenses. (Doc No. 113).

2

claims, or 0.0004% of the damages she sought at trial. Plaintiff should not be awarded attorney's fees given her complete lack of success in obtaining damages at trial.

    A.  **Plaintiff is not entitled to an award of attorneys' fees given her lack of success at obtaining damages at trial.**

Plaintiff requests $188,768.50 in attorneys' fees and $12,989.63 in related expenses for expert fees following a jury verdict of one dollar in her favor on each of her two claims. Plaintiff's status is that of a nominally prevailing party and she is therefore not entitled to an award of attorney's fees.

Federal law grants a district court the discretion to award the "prevailing party" in a Title VII action "reasonable" attorney's fees as part of the costs. 42 U.S.C. § 2000e-5(k). The determination of whether an attorney's fees award is appropriate requires two inquiries. First, the party seeking to recover must be a "prevailing party." *Farrar v. Hobby*, 506 U.S. 103, 109, 113 S.Ct 566, 121 L. Ed. 2d 494 (1992). Additionally, if a party prevails, then the requested fee must be deemed reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

In *Farrar*, the Supreme Court addressed the evaluation of attorney's fee requests when plaintiffs have won only nominal damages. 506 U.S. at 112-16. Plaintiffs, like McFadden, who are awarded nominal damages, are generally not for an award of fees. *Id*. at 112. When addressing the reasonableness prong, the degree of a prevailing party's success is a factor that courts must consider. *Id*. at 114. ("Although the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of the fees

3

awarded under § 1988."[2]). Indeed, the "most critical factor in determining the reasonableness of an attorney's fee award is the degree of success obtained." *Id.*

As a result, "[i]n some circumstances, even a plaintiff who formally prevails…should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." *Id*. at 115. The Supreme Court reiterated that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is *usually no fee at all.*" *Id*. (internal citations omitted) (emphasis added). District courts may "lawfully award low fees or no fees" in cases where only nominal damages are awarded, without considering the other factors that normally bear on the reasonableness of a fee award. *Id*. The *Farrar* Court ultimately rejected an award of attorney's fees to a plaintiff who requested compensatory damages but was awarded only nominal damages by the jury. *Id*. at 114-15.

The Sixth Circuit has consistently followed *Farrar's* holding. In disputes over attorney's fees with nominally prevailing parties, the Sixth Circuit has focused on the relationship between the relief sought and the relief awarded. *See, e.g., McBurrows v. Michigan Dept. of Transp.*, 1159 F. App'x 638 (6th Cir. 2005) (denying an award of attorney's fees and costs where employee prevailed on Title VII retaliation claim, but was awarded only one dollar and had sought to obtain damages of $500,000); *Pouillon v. Little*, 326 F.3d 713 (6th Cir. 2003) (plaintiff's nominal damages award for civil rights claim insufficient to justify an award of attorney's fees); *Virostek v. Liberty Twp. Police Dept./Trustees*, 14 F. App'x 493 (6th Cir. 2001); (Title VII nominally prevailing

---

[2] The standard applied to attorney fee requests under 42 U.S.C. § 1988, the fee shifting statute for federal civil rights claims brought pursuant to 42 U.S.C. § 1983, is the same as that which controls requests made under 42 U.S.C. § 2000e-5(k). *Virostek v. Liberty Twp. Police Dep't/Trustees*, 14 F. App'x 493, 510 (6th Cir. 2001) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

4

plaintiff not entitled to an award of fees and costs, particularly given plaintiff's failure to prove compensable injury, which was an essential element of her claim for compensatory damages); *Cramblit v. Fikse*, 33 F.3d 633 (6th Cir. 1994) (plaintiff whose primary goal was to obtain monetary damages not granted attorney's fees after an award of only one dollar in compensatory and punitive damages). Given the Sixth Circuit's approach, this Court should focus on the *Farrar* majority's inquiry: the degree of success obtained.

Plaintiff's success was minimal in that she requested compensatory damages in excess of $25,000, in her complaint but was only awarded nominal damages of one dollar on each of her two claims. Plaintiff's settlement demands prior to trial are more telling of the damages she was seeking at trial. While Fed. R. Evid. 408 generally prohibits the use of compromise offers and negotiations to prove or disprove the validity or amount of a disputed claim; that is not its intended use here. Plaintiff made a $623,660 settlement demand prior to trial which specifically identified $51,000 in economic damages and $375,000 in damages for physical injury and emotional distress. (See Ex. C; 4.11.2022 Settlement Demand). In other words, Plaintiff claimed she was entitled to $421,000 in compensatory damages. (*Id.*) That was the assumption Defendant went to trial on and the exposure to liability it faced. This was a case for compensatory damages which Defendant highly contested. The Final Pretrial Order confirmed Plaintiff's position, "this is an action for compensatory damages, costs, and attorneys' fees based on the alleged racial discrimination, retaliation, equal protection and First Amendment violations against Plaintiff by Defendant". (Doc. No. #83 PAGEID 5499). Plaintiff's counsel confirmed at the Final Pretrial Conference that Plaintiff was seeking economic damages as well as damages for physical injury and emotional distress. Plaintiff presented evidence at trial claiming she was entitled to significant compensatory damages. She offered exhibits detailing loans, tuition statements, bills and other economic

5

damages. (Pl. Trial Ex's. 17, 18, 19) Plaintiff and her husband both testified at length about her physical injury and the emotional distress Plaintiff allegedly suffered due to being reassigned to the property room. (Plaintiff's testimony, day two trial transcript at 143:10-13, 145:7-9, 146:17-19, 147:14-15, 22-23, 148:2-24, 151:24-152:6, 167:2-22; Charles McFadden testimony, day three trial transcript at 85:5-10, 86:7-10, 86:22-87:1, 90:8-15). The Jury found otherwise and determined that Plaintiff was not entitled to compensatory damages and instead awarded her $1.00 in nominal damages on each of her two claims, or 0.0004% of the damages she sought at trial. The primary purpose of this litigation was for Plaintiff to recover substantial compensatory damages. She failed in that regard.

When assessing the extent of the relief obtained, the court must compare the amount of damages sought to the amount awarded. *Farrar*, 506 U.S. at 114. Plaintiff's request for damages were not as excessive as the requests made in *Farrar* and some Sixth Circuit cases. Nonetheless, comparing the relief Plaintiff obtained to the relief sought at the outset and during the course of the litigation, leads to the conclusion that the ultimate award was quite limited. Plaintiff's prayer for relief sought damages in excess of $25,000. Early in the litigation Plaintiff demanded nearly $200,000 in compensatory damages in addition to requesting 1,400 of sick and vacation leave added to her current leave account. (See Ex. D; 11.26.2018 Settlement Demand). Plaintiff's demands rose through the course of litigation. Of course, attorney's fees accounted for part of this. However, Plaintiff always maintained she was entitled to significant compensatory damages. Prior to trial, Plaintiff requested a settlement of $623,660. The demand identified $421,000 in compensatory damages. At trial, Plaintiff made various attempts to establish monetary loss due to being reassigned to the property room and suffering a subsequent injury. In the end, Plaintiff recovered nominal damages, 0.0004% of the damages she demanded prior to trial.

Not surprisingly, after the verdict, Plaintiff and her attorneys publicly expressed that this case "was more about the principle than money" and that Plaintiff "is pleased with the verdict." (See Ex. A; Columbus Dispatch article 6.14.22). However, Plaintiff has since filed a motion requesting a new trial on damages claiming that the jury award was "blatantly unfair" and "insulting". (See Ex. B; Dispatch article 6.28.22). Plaintiff also filed a post-trial motion for equitable relief in a futile attempt at proving she achieved any success through litigation. That motion is pending. Plaintiff simply can't have it both ways. The reason for this eleventh hour shift in the relief Plaintiff claims to be seeking should be seen for what it is – a last-ditch effort to secure an award of attorney's fees.

Despite Plaintiff's subjective statements to the media that her focus was to vindicate her rights, the strategy pursued and the evidence at trial contradict her representations. Additionally, "*Farrar* simply request courts to consider the relief that was sought by the plaintiff, not the relief that was *most important* to the plaintiff." *Mercer v. Duke*, 401 F.3d 199, 204 (4th Cir. 2005) (*citing Farrar*, 506 U.S. at 114-15. "If the rule were otherwise, then every plaintiff recovering only nominal damages would claim that the only thing he was really ever interested in was a liability finding, a claim that the defendant would dispute," thus turning the inquiry about attorney's fees into a second major litigation. *Id*.

Based on how the case progressed, the nominal award signals the jury's belief that Plaintiff failed to prove she was injured as a result of the unlawful employment action taken by Defendant. In reality, the litigation simply provided Plaintiff with the "moral satisfaction of knowing that a federal court concluded that [her] rights had been violated. *Farrar*, 506 at 114 (*quoting Hewitt v. Helms*, 482 U.S. 755, 762, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987)). Accordingly Plaintiff's

7

technical victory does not demonstrate a degree of success sufficient to justify an award of attorney's fees.

In regard to whether the litigation served a public purpose, Plaintiff submits that the purpose of her litigation parallels the years she has spent challenging policies she sincerely perceived to be discriminatory or retaliatory against employees who exercise their rights. Yet, a similar conclusion can be drawn when any plaintiff succeeds on a retaliation claim. This factor cannot be satisfied when a plaintiff simply establishes that her rights have been infringed, because all Title VII claims seek to remedy against some type of discrimination or deprivation of rights. *See Glowacki v. Howell Pub. Sch. Dist.*, 566 F. App'x 451, 455 (6th Cir. 2014) (recognizing that the plaintiff's vindication of First Amendment rights was not sufficient to satisfy the public-interest factor because all section 1983 claims seek to redress the deprivation of rights). As other jurisdictions have recognized, "litigation can accomplish much besides awarding money damages, [but] not every tangential ramification of civil rights litigation *ipso facto* confers a benefit on society." *Pino v. Locascio*, 101 F.3d 235, 239 (2d Cir. 1996).

No public purpose was vindicated by Plaintiff's action. Plaintiff has not sought equitable relief that would have extended beyond herself and this case. Plaintiff's request for equitable relief include illegally purging public records from her personnel file and posting a copy of the jury verdict prominently for Division personnel to see. This is hardly the type of broad equitable relief serving a public purpose. Moreover, her discrimination and retaliation claims were not the first of their kind nor did they serve to develop the law under Title VII. *See Mercer*, 401 F.3d at 208 (explaining that because of our legal system's reliance on *stare decisis* and precedent, a case that is the first of its kind, even without any request for wide-ranging declaratory or injunctive relief, "can have profound influence on the development of the law and on society"). Plaintiff's case

ultimately failed to accomplish "some public goal other than occupying the time and energy of counsel, court and client." *Farrar*, 506 U.S. at 121-22 (O'Connor, J., concurring).

*Farrar* explained that attorney's fees are usually not appropriate when a party recovers only nominal damages. Plaintiff has not shown how her case is the unusual case that warrants fees. Plaintiff's request for attorneys' fees and expert costs should be denied.

**B.     Plaintiff is not entitled to costs.**

Plaintiff also moves to recover costs in the amount of $14,974.58. (Doc. No. 109) For reasons similar to why attorney's fees should be denied, an award of costs is not justified in this case.

Federal Rule of Civil Procedure 54(d) provides that costs, other than attorney's fees, "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). The Sixth Circuit has interpreted this language to mean that a presumption favors awarding costs, but the award remains at the court's discretion. *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 836 (6th Cir. 2005) (*quoting White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)). The unsuccessful party must show circumstances sufficient to overcome the presumption. *Lewis v. Pennington*, 400 F.2d 806, 819 (6th Cir. 1968).

The Sixth Circuit has identified factors that courts should consider when evaluating whether to award costs. *Knology, Inc. v. Insight Commc'ns Co., L.P.*, 460 F.3d 722, 729 (6th Cir. 2006). These factors are sufficient as a basis for denying costs and include: whether the taxable expenditures were unnecessary to the case or unreasonably large; whether the prevailing party should be penalized for unnecessarily prolonging the trial or for injecting unmeritorious issues; whether the prevailing party's victory was so insignificant that the judgment amounted to a victory for the opponent; whether the case was close and difficult; whether the losing party acted

reasonably and in good faith in defending the case; whether the losing party conducted the case with propriety; whether other courts have denied costs to prevailing parties in similar cases; whether the prevailing party or the public benefitted from the case; and whether the case resulted in a profound reformation of current practices. *Id*. at 728-29; *Lewis*, 400 F.2d at 819.

Here, Defendant has overcome the presumption in favor of awarding costs to Plaintiff. As previously stated, the judgment Plaintiff recovered was not significant when compared to the monetary damages she sought to obtain. Despite a verdict in Plaintiff's favor, the jury's failure to award damages resulted in a victory for Defendant. See *Virostek*, 14 F. App'x at 510 (holding that the district court's denial of costs was proper where it was found that the "the prevailing party's recovery [was] so insignificant that the judgment amount[ed] to a victory for the defendant"). No identifiable public benefit resulted from the case nor was there a profound reformation of practices. As a result, an award of costs is not appropriate here and Plaintiff's request should be denied.

## II.     Conclusion

For the foregoing reasons, Defendant respectfully requests the Court DENY Plaintiff's Petition for Award of Attorneys' Fees and Expenses (Doc. No. 113) and DENY Plaintiff's Bill of Costs (Doc. No. 109).

        Respectfully Submitted,

        /s/ Paul M. Bernhart
        Westley M. Phillips (0077728)
        Susan E. Williams (0073375)
        Paul M. Bernhart (0079543)
        CITY OF COLUMBUS, DEPARTMENT OF LAW
        ZACH KLEIN, CITY ATTORNEY
        77 North Front Street, Columbus, Ohio 43215
        (614) 645-7385 / (614) 645-6949 (fax)
        wmphillips@columbus.gov
        sewilliams@columbus.gov
        pmbernhart@columbus.gov
        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2022, I electronically filed the foregoing with the Clerk of the Court by using this Court's CM/ECF system, which will send a notice of this electronic filing to all counsel of record in this matter.

/s/ Paul M. Bernhart
Paul M. Bernhart (0079543)
