**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MELISSA McFADDEN, | : | |
| | : | **Civil Action No. 2:18-cv-544** |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE: SARGUS |
| | : | MAGISTRATE JUDGE: JOLSON |
| CITY OF COLUMBUS, | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF MELISSA McFADDEN'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS**

**I.   Background**

After the jury's finding of discrimination and retaliation and its award of nominal damages, Plaintiff Lt. Melissa McFadden ("Lt. McFadden") filed a Motion for Attorneys' fees and nontaxable costs as well as a Bill of Costs as prevailing party. (Doc # 109 and 113) Defendant City of Columbus ("Defendant" or "City") replied in opposition. (Doc # 116)

In its response the City does not contest the hourly rates of any of the attorneys representing Plaintiff, nor does the City argue that the number of hours expended were unreasonable. The City also does not suggest that the costs submitted were not actually incurred or themselves inappropriate. Rather, the City argues that fees and costs should not be awarded on other grounds. Plaintiff responds to those arguments below.

**II.   Argument**

   **a.  The City does not challenge Lt. McFadden's Bill of Costs Petition**

While the City argues that Lt. McFadden should not be classified as a prevailing party, it largely omits mention as to why she should not be awarded taxable costs. Lt. McFadden

1

submitted a detailed itemization of her costs, and a supporting declaration from undersigned counsel.

The City makes no argument that these taxable costs were not necessary in furtherance of Lt. McFadden's successful prosecution of her case. As the City only attacks these costs on the basis that Lt. McFadden should not be awarded any costs, if this Court declares these costs taxable, Lt. McFadden should be awarded the full $14,974.58 sought.

Fed.R.Civ.P. 54(d) states in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Not only does the Rule decouple costs from fees, but it also uses "should" to direct this Court's exercise of discretion. Indeed, that "discretion is more limited than it would be if the rule were nondirective," and "it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Goostree v. Tenn.*, 796 F.2d 854, 863–64 (6th Cir.1986), *cert. denied sub nom. Goostree v. Montgomery Cty. Quarterly Ct.*, 480 U.S. 918 (1987) (quotations omitted).

The overall factor is that this Court finds "the prevailing party's recovery [to be] so insignificant that the judgment amount[ed] to a victory for the defendant." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). In no way could the jury's finding of discrimination and retaliation be deemed a victory for the City. The fact that the City has used its post-trial filings to argue that the Jury's finding of liability for both discrimination and retaliation under state and federal law is a victory for the City is disappointing but telling. Apparently, the City has learned no lesson at all—one of the main reasons why this Court should grant Plaintiff's pending Motion for Equitable Relief. (Doc # 108)

Specific factors should also be recognized. *Knology, Inc. v. Insight Communications Co., L.P.,* 460 F.3d 722, 726-27 (6th Cir. 2006) (quoting *Singleton v. Smith,* 241 F.3d 534, 539 (6th Cir. 2001)), listed "'the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs.'" Lt. McFadden's good faith is unimpeachable; the difficulty of a short trial pales in comparison to the marathon months of the antitrust trial in *White & White, Inc.*; the behavior of the City was discriminatory and retaliatory; and no question has been raised about the necessity of her costs. The Rule presumption has not been rebutted. Lt. McFadden should be awarded $14,974.58 in taxable costs.

### b. Lt. McFadden should be awarded her fees and nontaxable costs as a prevailing party

In its Memorandum the City attaches not one, but two confidential demand letters that Lt. McFadden made. Like its response to Lt. McFadden's Motion for Equitable Relief (Doc #114) we will leave it to the Court to determine whether it was proper for the City to place these documents, shielded by Fed. Rule Ev. 408, in the public record. Rather, the City's reliance on these demand letters in arguing whether Lt. McFadden was a prevailing party has no basis.

First, the City omits that each of these letters were submitted to the City in advance of a mediation conference with this Court or were part of a Court ordered case schedule. The City and the attorneys representing it in this case, are sophisticated counsel with considerable litigation experience. The City was well aware when Lt. McFadden submitted her demand that she was not actually seeking the amount in the initial demand, and rather that was a ***negotiating starting point***. It is a cynical ploy of the City to try to conflate what Lt. McFadden was seeking at trial with what she made as a ***first*** demand in a settlement negotiation. The City has no doubt engaged in thousands of settlement discussions over the years, and it is well aware that initial settlement demands, like first counteroffers are designed to be negotiated.

The City knows that Lt. McFadden was not making a first and final offer in either of these demand letters, and through multiple interactions with Lt. McFadden's law firm, knew that she was willing to participate in negotiations in good faith. To take these letters as *evidence* of what Lt. McFadden sought at trial is a misrepresentation by the City.

Second, the Court should consider what the City did not do during its defense of this case. The City did not make a Rule 68 offer of judgment. Had the City been so confident that Lt. McFadden would not be awarded significant damages, or that her request for damages in these two demands were out of step with reality, the City could have made an Offer of Judgment. The City knows that if Lt. McFadden would not have beaten their offer, she would not be entitled to post-offer fees or costs as a matter of law from that point. The City not employing Fed Civ. Rule 68 at any point in nearly four years of litigation is telling.

Next, as the Court will recall, Lt. McFadden's *actual damages request* was muted in comparison to her opening mediation settlement demand.

At trial, Lt. McFadden's presented evidence of economic loss that she suffered because she was injured while in the property room. This evidence included $25,000 in law school loans, $18,507.59 in direct lost wages, and 263.556 hours of lost sick leave with an approximate value of $15,286.25. The combined value of economic loss presented was $58,793.84. Lt. McFadden also presented evidence of emotional distress damages. However, she did not ask for a specific dollar amount of emotional distress damages-- instead, as the Court will recall, her counsel told the Jury in closing argument that this case was about principle as much as it was about money damages, and simply asked them to award what they thought was reasonable.

Finally, the City misstates Lt. McFadden's motives. The City writes that Lt. McFadden is making "futile" attempts to obtain relief for attorneys' fees, and argues that her seeking of

equitable relief is a pivot from a litigation strategy seeking only damages. The City ignores Lt. McFadden's prayer for relief in her Complaint (Doc # 2) where she sought equitable relief from this Court, and ignores the settlement demand letters that they cite.

In Lt. McFadden's November 26, 2018, demand letter that the City presented as an exhibit to its Memorandum (Doc # 116-4) the City simply ignores what Lt. McFadden wrote. In the opening paragraph of the letter. Lt. McFadden informs the City "In order to resolve this case, Lt. McFadden seeks, ***in addition to monetary compensation, non economic compensation in the form of CDP reforms that will help ensure that similar retaliation does not occur in the future***" (emphasis added) Later in the demand, Lt. McFadden outlined exactly what she was seeking in terms of non-economic damages. She informed the City that in order to settle "CDP must agree that Commanders Jennifer Knight and Rhonda Grizzell can never be transferred into Lt. McFadden's chain of command, or have any involvement in investigations related to Lt. McFadden for the duration of her career with the City. Lt. McFadden's personnel file and IAB file should be expunged of any records related to the events that gave rise to the lawsuit, and to the best of the City's ability ***while still following public records laws***, should be sealed or expunged." (*Id*.) (emphasis added) The letter continued that she wanted the City to "engage a third party community group to have oversight over IAB to ensure fairness and objectivity in the investigation." (*Id.)* In her April 2022, demand letter Lt. McFadden again sought non-economic damages: "Next, the City must take all lawful steps ***(with due regard to the Public Records Act)*** to remove Lt. McFadden's name from the tainted IAB investigation that gave rise to her placement in the property room." (Emphasis added)

Despite Lt. McFadden discussing non-economic damages that ***closely*** tracks what she requests in her Motion for Equitable Relief (Doc # 108) the City boldly asserts that "The reason

5

for this eleventh hour shift in the relief Plaintiff claims to be seeking should be seen for what it is – a last-ditch effort to secure an award of attorney's fees." This is a misrepresentation of the evidence that the City itself put before this Court.

In the four years since Lt. McFadden made her November 2018, settlement demand, she has been adamantly and consistently seeking much more than money damages. This has been her message since the moment she filed this lawsuit, and the City knows it well.

While the City erred by misstating the nature of the relief Lt. McFadden seeks in its response to the Plaintiff's Motion for Equitable Relief (Doc # 108) filed on July 11, 2022. (Doc # 114)) Lt. McFadden pointed out that error in her response filed on July 15, 2022. (Doc #115) Nonetheless, three days later on July 18, 2022, the City repeated the exact same misstatement. The City's willingness to misrepresent the record is another reason that this Court should order equitable relief and reasonable fees and costs.

The City decries that Lt. McFadden wants an Order to "illegally" purge public records. This is simply untrue. As quoted above in the two demand letters that the City presented to this Court, Lt. McFadden has *always been cognizant* of the City's public records obligations.

Indeed, in her Motion for Equitable Relief, Plaintiff made this point to the Court herself, asking to "(5) isolate, *if unable to expunge due to public records laws* (O.R.C. § 149 *et seq*) all records related to the illegal reassignment and/or lawsuit from any other files bearing her name and employment information and restrict access to those with a specific need to know;" (Doc # 108 PAGEID 5777) (emphasis added). The City ignoring this is a distasteful attempt to muddy the waters and must be rejected.

The City also misleads when it says that her requests for equitable relief is "hardly the type of broad equitable relief serving a public purpose." Whether through neglect or design the

6

City omits in its response Lt. McFadden's request that the Court order the City to "(8) create a racially neutral policy regarding the temporary reassignment of Defendant employees during the pendency of an investigation prohibiting the use of punitive reassignments while their conduct is being investigated." (Doc # 108 PageID 5778) The City discussed in its Memorandum of in Opposition (Doc #114) about how this relief was unnecessary, as it already had policies in place, but omits this requested relief when responding to Lt. McFadden's requests for fees and costs

### III. Conclusion

From the time she filed this case, to her post-trial motions, Lt McFadden has consistently sought broad based equitable relief. She gained meaningful relief and is seeking additional relief through injunction. An award of attorneys' fees and costs reasonably follows.

Respectfully submitted,

By: */s/ Samuel M. Schlein*
Samuel M. Schlein (0092194)
*(sschlein@marshallforman.com)*
John S. Marshall (0015160)
*(jmarshall@marshallforman.com)*
Edward R. Forman (0076651)
*(eforman@marshallforman.com)*
Helen M. Robinson (0097070)
*(hrobinson@marshallforman.com)*
Madeline J. Rettig (0098816)
*(mrettig@marshallforman.com)*
MARSHALL FORMAN AND SCHLEIN LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

**OF COUNSEL:**
Louis A. Jacobs (002101)
(*LAJOhio@aol.com*)
177 19th St., Apt. 9C
Oakland, CA 94612
(614) 203-1255
Fax (510) 250-9007

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was filed with the Court on this 26 day of July, 2022, using the CM/ECF system, which will send notification of such filing to all counsel of record. Parties may access this filing through the court's filing system.

By: */s/ Samuel M. Schlein*
Samuel M. Schlein (0092194)