UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MELISSA MCFADDEN,**

      **Plaintiff,**

  v.

**CITY OF COLUMBUS,**

      **Defendant.**

Case No. 2:18-cv-544
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter arises on Plaintiff Melissa McFadden's ("Lt. McFadden") Motion for Attorney Fees. (ECF No. 113). For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion for Attorney Fees.

**I.    Procedural Background**

Plaintiff Lt. McFadden brought a Complaint with Jury Demand against Defendant City of Columbus on June 4, 2018. (ECF No. 2). At the time of trial, Plaintiff was an African American lieutenant with the Columbus Division of Police and has since been promoted to commander. She asserts that she was discriminated against on the basis of her race and retaliated against for engaging in protected activity, both in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), and Ohio Revised Code § 4112.02. Plaintiff also asserts that Defendant City of Columbus ("the City") violated her due process and equal protection rights and the enjoyment of her employment contract because of her race. This Court granted summary judgment to the City on the due process claim, and the other claims were tried to a

jury.  The Jury Verdict was announced on June 13, 2022.  The Jury delivered a verdict in favor of Lt. McFadden on both counts, finding that the City discriminated and retaliated against her and awarding her $1 for each count.  Post-trial, Plaintiff filed a Bill of Costs on June 23, 2022.  (ECF No. 109).  Shortly after, she then filed the instant Motion for Attorney Fees.  (ECF No. 113).  Defendant has responded in opposition.  (ECF No. 116).  Plaintiff has replied.  (ECF No. 119).

  II.  **Standard**

Fee shifting in civil rights actions is governed by established federal law.  The code provides that "[i]n any action or proceeding under this title [42 USCS §§ 2000e et seq.] the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney fees (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person." (42 U.S.C. § 2000e-5(k)). The standard applied to attorney fee requests under 42 U.S.C. § 1988, the fee shifting statute for federal civil rights claims brought pursuant to 42 U.S.C. § 1983, is the same standard that controls requests made under 42 U.S.C. § 2000e-5(k).  *Virostek v. Liberty Twp. Police Dep't/Trustees*, 14 F. App'x 493, 510 (6th Cir. 2001) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

The Supreme Court, in *Farrar v. Hobby*, explained that awarding attorney fees is a discretionary decision dependent on two inquiries: the identity of the prevailing party and the reasonableness of attorney fees.  *Farrar v. Hobby*, 506 U.S. 103 (1992).  "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111–112.  A plaintiff "may be considered [a]'prevailing part[y]' for attorney's fees purposes if

2

they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (CA1 1978)).  Success does not require the award of a great deal of damages to the plaintiff.  As the Court made perfectly clear in *Farrar*, "[A] plaintiff who wins nominal damages is a prevailing party under § 1988." *Farrar v. Hobby*, 506 U.S. 103, 112. In this circuit, plaintiffs awarded only nominal damages have generally been found to constitute prevailing plaintiffs, so long as they succeed on a significant issue in litigation.  *See Kidis v. Reid*, 976 F.3d 708 (6th Cir. 2020), *see also Pouillon v. Little*, 326 F.3d 713  (6th Cir. 2003).  A nominal recovery "speaks only to the amount of attorney's fees permissible, not whether the party is eligible to recover attorney's fees." *Kidis v. Reid*, 976 F.3d 708, 721.  Similarly, a party's inability to obtain more than nominal damages at trial does not make an award of full attorney fees unreasonable.  "[T]he proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers" is rejected. *City of Riverson v. Rivera*, 477 U.S. 561, 574 (1996).  Instead, district courts must perform a more in-depth examination of the appropriateness of an award.  The inquiry into the propriety of attorney fees starts with the lodestar.  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 426.  After this calculation is performed, "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id.* at 434.  These results are "the most critical factor" in determining the reasonableness of a fee award. *Id.* at 436.  If a party asks for an unreasonable fee award, a district court, in its discretion, may grant the party only the portion of the request that is reasonable.  There "is no precise rule or formula for making these

determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-437. Like fee shifting, the award of costs in Civil Rights Actions is also governed by established federal law. "[C]osts – other than attorney fees – should be allowed to the prevailing party." (Fed. R. Civ. P. 54(d)). In the Sixth Circuit, "[t]his language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Factors that justify a denial or modification of an award of costs include "the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2000).

### III. Analysis

Plaintiff seeks $188,768.50 in attorney fees and $12,989.63 in expert costs. (ECF No. 113. Page 11). Additionally, Plaintiff seeks $14,974.58 in its Bill of Costs. (ECF No. 109).

#### a. Attorney Fees and Expert Costs

Plaintiff calculated her attorney fees by multiplying the hourly rates of her attorneys by the number of hours they worked on materials "directly related to the matter that was tried to this Court," with certain necessary adjustments. (ECF No. 113, Page 2). In performing this calculation, Plaintiff's attorneys discounted their usual rate and, through various methods, reduced their total hours worked by roughly 20%. (*Id.*). The City has taken no issue with the Plaintiff's fee calculation. Nor does Defendant challenge the reasonableness of the costs of Plaintiff's expert witness. Additionally, Defendant does not dispute the accounting of Plaintiff's Bill of Costs. (ECF No. 119, ECF No. 116). The City simply contests Plaintiff's entitlement to fees and costs.

Defendant argues Plaintiff is ineligible for attorney fees because, in its view, Plaintiff's "status is that of a nominally prevailing party," rather than that of a true prevailing party. (ECF No. 116). To justify its position, Defendant points primarily to the lack of compensation awarded to the Plaintiff. In Defendant's view, the minimal monetary recovery shows a lack of success. Specifically, Defendant highlights the large discrepancy between the amount Plaintiff sought, and the amount the Jury accorded her at trial. The City claims that the gap between these two numbers shows that Plaintiff's victory was pyrrhic in nature. By Defendant's calculation, the Plaintiff received only 0.0004% of what she asked (ECF 116, Page 3). As the "most critical factor in determining the reasonableness of an attorney's fee award is the degree of success obtained," Defendant argues that the Plaintiff's failure to obtain substantial monetary relief precludes her from obtaining attorney fees and costs. (*Id.*, Page 4) (*quoting Farrar*, 506 U.S. at 114). However, in pursuing this argument, the City understates Plaintiff's victory.

The City concluded that Lt. McFadden received only 0.0004% of what she asked for by reference to two numbers. The first was what she was awarded at trial, $2. (ECF No. 104). The second was the amount she requested prior to trial during settlement negotiations, $623,660. (ECF 116, Exhibit C, Page 3). Plaintiff asked for only $58,793.84 in economic damages at trial (Plaintiff also requested damages for emotional distress but did not ask for any specific dollar amount). (ECF No. 119, Page 4). Thus, the gap between Plaintiff's sought after and actual recovery is much smaller than Defendant maintains. Furthermore, Defendant's focus on monetary recovery ignores any non-monetary benefits that flow to Plaintiff from her victory in court. As Plaintiff states in her reply and closing argument, this case was as much about principle as it was about compensation (ECF No. 119, Page 4).

In further support of a full fee award is the dissimilarity of this case from the facts of *Farrar*. Defendant relies heavily on that case in order to argue Plaintiff's ineligibility for attorney fees. (ECF No. 116). In *Farrar*, however, the two plaintiffs sued multiple defendants asking for, among other demands, $17 million dollars. *Farrar v. Hobby*, 506 U.S. 103, 114. The jury found for one plaintiff, but also found that the defendants were not "a proximate cause of any injury suffered by the plaintiffs." (*Id.* at 106). In the end, only one of the plaintiffs was awarded nominal damages, and only from one of the multiple defendants. (*Id* at 106-107.) In contrast, Lt. McFadden won on both counts she brought and recovered a much higher percentage of sought after compensatory damages. (ECF No. 104). She did not, like the plaintiffs in *Farrar*, achieve a mere "technical victory." *Farrar*, 506 U.S. at 108.

Further, the Court considers that this case did not include any wage loss as an element of damages. This was the unusual case in which a Title VII adverse employment action did not result in economic harm. The plaintiff claimed no wage loss, which makes a jury verdict for her more of a victory than a two-dollar award in a case with large, claimed money damages. Given the nature of Plaintiff's victories, in conjunction with Plaintiff's attorney's willingness to discount their usual rates, this Court **GRANTS** Plaintiff's Motion for Attorney Fees and Expenses. Plaintiff was a prevailing party and the fees requested are reasonable.

    b. **Bill of Costs**

As mentioned above, the prevailing party is presumed to be entitled to an awarding of costs. *White & White, Inc.*, 786 F.2d at 730. This presumption can be rebutted. There are "several factors a losing party may put forward that may be sufficient to justify a district court in overcoming the presumption in favor of a cost award." *Singleton*, 241 F.3d at 539. These

include "the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *(Id.)*.

Defendant does not raise these issues. Defendant's briefing contains no argument that these costs were unnecessary, or that the winning party's behavior precludes an award of costs, or any discussion of any of the other several factors that could justify a reduction or denial of costs. (ECF No. 116). On the other hand, Plaintiff has made the case that these factors justify an award of costs. ("Lt. McFadden's good faith is unimpeachable; the difficulty of a short trial pales in comparison to the marathon months of the antitrust trial in White & White, Inc.; the behavior of the City was discriminatory and retaliatory; and no question has been raised about the necessity of her costs"). (ECF No. 119, Page 3). Given Plaintiff's status as a prevailing party, and Defendant's failure to put forward any of the several factors that "may be sufficient to justify a district court in overcoming the presumption in favor of a cost award," this Court **GRANTS** Plaintiff's motion for $14,974.58 in costs.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Attorney Fees and Expenses. (ECF No. 113).

**IT IS SO ORDERED.**

**5/1/2023**                                           s/Edmund A. Sargus, Jr.
**DATE**                                             **EDMUND A. SARGUS, JR.**
                                                            **UNITED STATES DISTRICT JUDGE**