UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MELISSA MCFADDEN,**

    **Plaintiff,**

  v.

**CITY OF COLUMBUS,**

    **Defendant.**

Case No. 2:18-cv-544
**JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter arises on Plaintiff Melissa McFadden's ("Lt. McFadden") Motion for Equitable Relief. (ECF No. 108). For the reasons stated herein, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion.

### I.  Procedural Background

Plaintiff Lt. McFadden brought a Complaint with Jury Demand against Defendant City of Columbus on June 4, 2018. (ECF No. 2). The case proceeded to trial, and a jury verdict was announced on June 13, 2022. (ECF No. 104). Shortly thereafter, Plaintiff filed the instant motion. (ECF No. 108). Defendant, the City of Columbus, responded and the Plaintiff replied (ECF Nos. 114, 115).

### II.  Standard

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). "A party is entitled to a permanent injunction if it can establish that it suffered a constitutional violation and will suffer 'continuing irreparable injury' for which there is no

adequate remedy at law." *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 602 (6th Cir. 2006) (citing *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1067 (6th Cir. 1998)). "Where the plaintiff establishes a constitutional violation after a trial on the merits, the plaintiff will be entitled to permanent injunctive relief upon showing 1) a continuing irreparable injury if the court fails to issue the injunction, and 2) the lack of an adequate remedy at law." *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1067 (6th Cir. 1998). "The decision to grant or deny a preliminary or permanent injunction is within the sound discretion of the district court." *Id*.

### III. Analysis

Plaintiff maintains she is entitled to "an injunction and other equitable relief requiring Defendant to take appropriate remedial actions that will deter future illegal conduct and restraining it from taking retaliatory adverse action against Lt. McFadden." (ECF No. 108, at 1). Specifically, Plaintiff requests that the Court order Defendant to:

> (1) expunge all records of her illegal temporary reassignment to the property room from March 13, 2017, until her return to work in Zone 2 on December 19, 2018; (2) expunge from her personnel file all records related to this lawsuit; (3) refrain from taking any adverse action against Lt. McFadden based on her filing and prevailing in this lawsuit; (4) avoid using this lawsuit as a consideration in any future employment decisions regarding Lt. McFadden or any Defendant employee who acted as a witness on behalf of Lt. McFadden; (5) isolate, if unable to expunge due to public records laws (O.R.C. § 149 et seq) all records related to the illegal reassignment and/or lawsuit from any other files bearing her name and employment information and restrict access to those with a specific need to know; (6) place a notice of the jury verdict and all equitable relief in a location visible to its employees, stating that Lt. McFadden secured judgment against Defendant for both illegal discrimination and retaliation for her temporary reassignment to the property room during the pendency of the IAB investigation; (7) prevent Deputy Chief Kenneth Kuebler and Deputy Chief Jennifer Knight from participating in any decisions regarding Lt. McFadden's employment status or assignments; (8) create a racially neutral policy regarding the temporary reassignment of Defendant employees during the pendency of an investigation prohibiting the use of punitive reassignments while their conduct is being investigated."

(*Id*. at 1–2).

Defendant maintains that Plaintiff is not entitled to any equitable relief. It gives three reasons for why the Court should deny Plaintiff's request. First, "Plaintiff's complete lack of success in obtaining damages at trial." (ECF No. 114, at 3). Second, "Plaintiff has offered no evidence that equitable relief is necessary to prevent continuing irreparable injury if the court fails to issue the injunction." (*Id.*). And finally, "Plaintiff had an adequate remedy at law, namely, obtaining monetary damages at trial had the jury determined she was injured and entitled to damages." (*Id.*).

As a threshold matter, the Court rejects Defendant's first argument. The jury returned a verdict for Plaintiff, finding two violations of Title VII of the Civil Rights Act of 1964. (Jury Verdict, ECF No. 104). Plaintiff's accompanying minimal recovery is not relevant to the test for injunctive relief set out in *Kallstrom*. Plaintiff "establishe[d] a constitutional violation after a trial on the merits." *Kallstrom v. City of Columbus*, 136 F.3d at 1067. As such, the lack of monetary recovery is no bar to her request for equitable relief.

    a. **Continuing Irreparable Injury**

Defendant's argument that Plaintiff is not suffering a continuing irreparable injury is more persuasive. It argues, "Plaintiff has presented no evidence that she is subject to continuing irreparable harm." (ECF No. 114). Plaintiff contends the City cannot "be trusted to operate without discrimination or retaliation." (ECF No. 108, at 4). She states that the "level of resentment and insistence on putting her in her place," shown through facts adduced at trial "necessitate appropriate equitable relief." (*Id.* at 3). As she is still employed by the City, Plaintiff is "subject to future investigations and reassignments." (*Id.* at 2). Further, Plaintiff "anticipates continued resentment and resistance" in her quest for "promotion" and "also persisting in seeking justice." (*Id.* at 6).

"Usually plaintiffs must show a pervasive pattern of past violations of their constitutional rights to support the argument that there is a substantial likelihood that their rights will be violated in the future." *Doherty v. City of Maryville*, No. 3:07-CV-157, 2009 WL 2823670, at *4 (E.D. Tenn. Aug. 28, 2009) (citing *Allee v. Medrano*, 416 U.S. 802 (1974)). Here, there was no pervasive pattern of violations. At trial, Plaintiff brought "a single claim of racial discrimination" and a "single retaliation claim." (Jury Instructions ECF No. 106). Aside from the claims in the instant trial, Plaintiff has not alleged or proved any other instances of discrimination by the City.

Further, turn over in personnel at the Columbus Police Department makes further discrimination and retaliation unlikely. Since Plaintiff's illegal reassignment, the officers responsible for that decision have left their posts. Most importantly Police Chief Kimberly Jacobs, who testified that she made the decision to reassign Plaintiff (ECF No.123, at 886), retired in 2019 (ECF No. 123, at 867) (ECF No. 114, at 4). So did Deputy Chief Gary Dunlap, who testified that he suggested McFadden be reassigned to the property room. (ECF No. 123, at 784).

Plaintiff points out that Deputy Chief Jennifer Knight and Deputy Chief Kuebler remain on the force. (ECF No. 115, at 6–7). She argues that these officers had a role in the disciplinary process, and thus "she must be protected from interference by Deputy Chief Knight [and Deputy Chief Kuebler] in the future." (ECF No. 115, at 7). However, the evidence adduced at trial does not show that these individuals were responsible for her reassignment, or even involved in it.

Plaintiff argues Deputy Chief Kuebler was present at a meeting where "there was a discussion of the EEO issues that had been raised and then a discussion of where it was appropriate to assign Lieutenant McFadden." (ECF No. 123, at 865; ECF No. 115, at 6–7).

4

However, Deputy Chief Kuebler testified he did "not recall being a part of any discussion like that." (ECF No. 123, at 865). The Court noted this during trial. ("One moment. Just to be precise, []he wasn't here for that.") (*Id*.). Kuebler was only "informed" of the decision to reassign Plaintiff after the decision had already been made. (*Id*. at 864).

Next Plaintiff argues, "Deputy Chief Jennifer Knight was involved in the retaliation against Lt. McFadden" because she "was involved in the IAB EEO complaint regarding Officer Dragin." (ECF No. 115, at 7). Plaintiff also states, "Deputy Chief Knight's behavior in discussing the EEO allegations with Sergeant Kyle Fishburn was part of [Chief Jacobs'] decision to reassign Deputy Chief Knight away from her post commanding IAB." (*Id*.). However, Plaintiff has presented no evidence Deputy Chief Knight suggested she be reassigned, used her authority to press for her reassignment, or discriminated against her. The act of assisting a coworker in bring an EEO complaint is not illegal or discriminatory. Nor is the act of discussing an EEO allegation with a co-worker. And neither indicate that Deputy Chief Knight is causing or will cause Plaintiff continuing irreparable harm.

Plaintiff has not demonstrated that Defendant is causing her continuing irreparable harm. She has not presented any evidence her career is currently threatened by the City's illegal acts or any evidence she will be subject to an illegal temporary reassignment again. Plaintiff, who has been recently promoted, notes that Defendant has only limited control over her promotions, due to her union contract. (ECF No. 115, at 9).

Records of Defendant's previous action, her illegal reassignment, are likely to cause Plaintiff ongoing harm. Plaintiff states "[w]hen a plaintiff 'remains an employee of the City and wishes to continue to work for the City,' she naturally 'has an interest in the dissemination of accurate information about the outcome of this litigation.'" (ECF No. 115, at 6–7) (quoting

5

*Hemphill v. City of Wilmington*, 813 F. Supp. 2d 592, 601 (D. Del. 2011)). Thus, in order to erase the stain of her unwarranted discipline, Plaintiff asks the Court to "expunge all records of her illegal temporary reassignment to the property room from March 13, 2017, until her return to work in Zone 2 on December 19, 2018." (ECF No. 108, at 1). These records include "underlying allegations against Plaintiff, her reassignment paperwork, administrative investigation, disciplinary charges, and disposition by the Public Safety Director and Plaintiff's EEOC filings resulting in this litigation." (ECF No. 114, at 5).

Defendant counters by arguing the Freedom of Information Act 5 U.S.C. § 552 and R.C. 149.351(A) bar the expungement of Plaintiff's disciplinary records. The City argues further that they need these records to defend against EEOC complaints alleging "that Plaintiff created a hostile work environment and the City failed to take disciplinary action against Plaintiff." (ECF No. 114, at 7). Plaintiff concedes that expungement may violate the law. (ECF No. 115, at 5). However, as an alternative, Plaintiff asks that the Court to "isolate" these records but keep them "available for public records request and other litigation." (*Id*. at 6). Defendant does not respond to this argument. (ECF No. 114).

The Court finds that there is a danger of ongoing irreparable harm from these records. The parts of these records that are inaccurate pose risks to Plaintiff's reputation. However, not all of the records related to Plaintiff's reassignment are inaccurate. Plaintiff would agree that the disposition by the Public Safety Director, which exonerated Plaintiff, was accurate. So were her own EEOC filings. Further, the jury did not come to any conclusions about the validity of the underlying EEO allegations against Plaintiff. Instead, it focused on whether the City's move to reassign Plaintiff while it investigated those complaints was illegal. As such, the Court cannot say that those allegations are inaccurate or not, it will not isolate them. "If injunctive

relief is proper, it should be no broader than necessary to remedy the harm at issue." *United States v. Miami Univ.*, 294 F.3d 797, 816 (6th Cir.2002) (citing *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1069 (6th Cir.1998)). Only records of Plaintiff's reassignment paperwork, administrative investigation, and disciplinary charges shall be isolated.

### b. Adequate Remedy at Law

Defendant argues Plaintiff is not entitled to any additional equitable relief because she "had an adequate remedy at law, namely, obtaining monetary damages at trial had the jury determined she was injured and entitled to damages." (ECF No. 114, at 7). Plaintiff maintains monetary damages are inadequate, arguing that "both damages and equitable relief are appropriate upon a jury finding of discrimination and retaliation." (ECF No. 115, at 3).

As the Court noted in the previous section, the only continuing irreparable harm Plaintiff is experiencing is reputational. Certain inaccurate records related to her illegal reassignment could prejudice her in the eyes of her new and future co-workers. While an award of monetary damages compensated Plaintiff for her illegal reassignment, the jury could not have compensated her for the reputational harm Plaintiff may face years down the line if these inaccurate records are not isolated. As such, Plaintiff had no inadequate remedy at law.

### c. Equitable Relief

Plaintiff has demonstrated that certain records of her illegal reassignment are continuing to cause her harm, and that monetary damages are not an adequate remedy. However, expungement of these records is contrary to law and would prejudice Defendant in future litigation. (ECF No. 114, at 5). While Plaintiff is entitled to some type of equitable relief, expungement and sealing are not available remedies. Thus, the Court will adopt Plaintiff's

alternative proposal to "isolate" Plaintiff's reassignment paperwork, administrative investigation, and disciplinary charges.  (ECF No. 108, at 1).

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion for Equitable Relief.  (ECF No. 108).  The Court **ORDERS** Defendant to isolate Plaintiff's reassignment paperwork, administrative investigation, and disciplinary charges and restrict access to those with a specific need to know.  However, in compliance with 5 U.S.C. § 552 and R.C. 149.351(A), the City is **DIRECTED** to keep these records available for public records request, as well as any other litigation.

**IT IS SO ORDERED.**

**5/1/2023**                                                                                     **s/Edmund A. Sargus, Jr.**
**DATE**                                                                                          **EDMUND A. SARGUS, JR.**
                                                                                                           **UNITED STATES DISTRICT JUDGE**