UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MELISSA MCFADDEN,

    Plaintiff,

  v.

CITY OF COLUMBUS,

    Defendant.

Case No. 2:18-cv-544
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

This matter arises on Plaintiff Melissa McFadden's ("Lt. McFadden") Motion for New Trial on Damages Only. (ECF No. 111). For the reasons stated herein, the Court **DENIES** Plaintiff's Motion for New Trial.

### I. Procedural Background

Plaintiff Lt. McFadden brought a Complaint with Jury Demand against Defendant City of Columbus on June 4, 2018. (ECF No. 2). The case proceeded to trial, and a jury verdict was announced on June 13, 2022. (ECF No. 104). Shortly thereafter, Plaintiff filed the instant Motion for New Trial on Damages Only on June 27, 2022. (ECF No. 111). Defendant responded to the instant Motion for New Trial on Damages on July 18, 2022. (ECF No. 117). Plaintiff replied a few days later on July 20. (ECF No 118).

### II. Standard

Under Rule 59 of the Federal Rules of Civil Procedure, a new trial may be granted for "any reason for which a new trial has heretofore been granted in an action at law in federal

court." Fed. R. Civ. P. 59(a)(1)(A).  One such reason is an insufficient damages award.  *Walker v. Bain*, 257 F.3d 660, 674 (6th Cir. 2001).  However, "[t]he scope of review of a damage award is extremely narrow." *Walker*, 257 F.3d at 674.  "The remedy of a new trial for inadequate damages is appropriate only where the evidence indicates that the jury awarded damages in an amount substantially less than unquestionably proved by the plaintiff's uncontradicted and undisputed evidence." *Walker*, 257 F.3d at 674 (citing *Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir. 1996)).  "In other words, a jury's damages award 'need only be supported by some competent, credible evidence.'" *Sevy v. Barach*, 2022 U.S. Dist. LEXIS 165933 (E.D. Mich. Sep. 14, 2022) (quoting *Heard v. Finco*, 930 F.3d 772 (6th Cir. 2019)).

**III.    Analysis**

Plaintiff maintains she is entitled to a new jury trial on the issue of damages because the previous awards are:

> (1) against the clear weight of the evidence on her damages; (2) reflect that the jury failed to follow the following jury instructions (a) by giving improper weight to the allegations that led to her reassignment rather than the complained of illegal conduct reassigning Lt. McFadden to the property room to disassemble vests, and (b) describing the factors to be considered in awarding damages; (3) perpetuating the very discrimination and retaliation the jury found the City had committed by apparently being anchored in dislike for her because she too aggressively pursued claims against what she perceived – rightly in light of the jury verdict on her temporary assignment to menial duties in the Property Room – to be discrimination and retaliation; and/or (4) constitute an injustice that unacceptably undervalues the intangible harm inflicted on victims of discrimination or retaliation and unreasonably rejects corroborated testimony.

(ECF No. 111, at 1).

The gravamen of Plaintiff's Complaint is that the jury adwarded unfairly low damages. Defendant maintains that the nominal damages award was fair because "Plaintiff suffered no damages whatsoever from being temporarily reassigned to the property room."  (ECF No. 117, at 1).  A federal court may grant a new trial on damages "only where the evidence indicates that

2

the jury awarded damages in an amount substantially less than unquestionably proved by the plaintiff's uncontradicted and undisputed evidence." *Walker*, 257 F.3d at 674. Thus, the question becomes whether Plaintiff unquestionably proved, through uncontradicted and undisputed evidence, that she was entitled to more than $2 in damages. The Court's answer is in the negative.

The jury instructions at trial, which to Plaintiff does not object, detail several categories of damages for the jury to consider. (ECF No. 106, at 23). These include "[l]ost wages" and "[a]ny physical, mental, and/or emotional pain and suffering-including humiliation, anguish, frustration, and sadness-experienced by Lt. McFadden because of her reassignment to the property room." (*Id.*). The Court will analyze each category below.

    a. **Physical Injury**

Plaintiff maintains the jury undervalued her damages because "the City did not present any contrary evidence about the cause of Lt. McFadden's injury." (ECF No. 111, at 10). Defendant, however, states "Plaintiff presented no evidence at trial that her shoulder injury was 'caused' by her reassignment, even though she claimed it occurred during the course of her work in the property room." (ECF No. 118, at 8). The record reflects that the credible, competent evidence presented at trial supports the conclusion that Plaintiff did not prove her injury was *caused* by the illegal reassignment.

First, Plaintiff's only direct evidence as to the cause of her injury was her own testimony. This testimony was undercut by her supervisor at the time, Commander Gardner, who estimated that Plaintiff disassembled only between 16 to 20 vests during her time in the property room. (ECF No. 123, at 804). Second, there was no evidence presented at trial that any person involved in Plaintiff's reassignment expected Plaintiff to injure herself during her assignment.

3

And Gardner stated that Plaintiff never informed him of any physical inability to do the work she was given. (*Id.*). Third, Plaintiff presented no evidence that she was required to lift an unsafe number of vests at any one time. (ECF No. 121, at 438–39). From this competent, credible evidence, a jury could conclude that Plaintiff's injuries were not proximately caused by her illegal reassignment. Thus, Plaintiff is not entitled to damages for "physical, mental, and/or emotional pain and suffering" resulting from her injury. (ECF No. 106, at 23). Further, the record reflects that Plaintiff's medical bills were paid for by the Bureau of Workers Compensation, so Plaintiff suffered no direct, out of pocket loss from this injury. (ECF No. 121, at 439).

      b. **Economic Damages**

Next, Plaintiff contends that the temporary reassignment caused her "economic losses from a physical injury." (ECF No. 111, at 2). This includes the "economic loss of being on disability pay, and the loan that Lt. McFadden took to complete her law degree." (*Id*. at 16). Plaintiff argues the reassignment caused her to become ineligible for law school tuition reimbursements, paid for by Defendant, which she would otherwise be entitled to. (*Id*. at 8). This forced her to take out loans which she would otherwise not have needed. (*Id*.). However, the record reflects that it was not her reassignment to the property room that caused Plaintiff to become ineligible for tuition reimbursement. It was her status on injury leave. (ECF No. 121, at 410–11). In the same vein, it was Plaintiff's injury that caused her to be put on disabled status and receive disability pay, not the illegal reassignment itself. (*Id*. at 398). As competent, credible evidence supports the conclusion that Plaintiff's injury was not caused by her reassignment, the Court will not second guess the jury's conclusion.

### c. Mental and/or Emotional Pain and Suffering

Finally, Plaintiff asserts that the jury undervalued her damages resulting from the "emotional distress and mental anguish Lt. McFadden suffered." (ECF No. 111, at 25). She states, "[i]t is uncontradicted and undisputed that Lt. McFadden suffered some emotional distress, mental anguish, and humiliation from being a victim of discrimination and retaliation." (*Id*. at 18). Thus, "[i]t is totally unreasonable to remedy that emotional distress and mental anguish with $2.00." (*Id*.). Defendant disagrees, asserting, "Defendant presented sufficient evidence to the jury that Plaintiff did not suffer any emotional distress from being reassigned to the property room." (ECF No. 117, at 9). From what was presented at trial, there is competent, credible evidence to support the jury's conclusion Plaintiff did not suffer any mental or emotional distress from her reassignment.

The only evidence of mental or emotional distress Plaintiff presented came from herself and her husband. Plaintiff's husband testified that Plaintiff experienced some emotional distress. He also testified that traveling makes Plaintiff happy and that the two had traveled more in recent years than before Plaintiff's reassignment. (ECF No. 122, at 607–08). He also admitted they had also recently moved to a "nice, new, big house together," and that they had a "better… life than ever before." (*Id*. at 609). Further, Plaintiff and her husband have continued to do activities, such as watching Netflix and cooking together, that they enjoy. (*Id*. at 608–09).

Additionally, while Plaintiff's testimony as to her emotional distress was essentially unrebutted, that fact alone does not entitle her to damages.

> "The fact that the defendants did not rebut [Plaintiff]'s testimony directly does not necessarily render the jury's determination on the issue of damages against the great weight of evidence. [Plaintiff] had the burden of proving damages, and the only evidence of damages was [Plaintiff]'s self-serving testimony about his mental distress. This is not a case where the jury disregarded clear, objective and uncontradicted evidence. The jury was free to accept or disregard [Plaintiff]'s

5

> statement, and it chose to disregard it."
> *Walker v. Bain*, 257 F.3d 660, 674.

The City's failure to contradict or rebut certain aspects of plaintiff's testimony "directly does not necessarily render the jury's determination on the issue of damages against the great weight of evidence." *Id*. Thus, the Plaintiff did not "unquestionably prove" that she suffered emotional distress. *Walker*, 257 F.3d at 674.

Even assuming that the jury believed Plaintiff was distressed, the competent, credible evidence before them could have led the jury to conclude that her distress was not attributable to her reassignment. Plaintiff's husband testified about other stressors in Plaintiff's life. The jury heard about the numerous problems Plaintiff dealt with regarding a close family member. (ECF No. 122, at 610–612). Other potential stressors include law school (ECF No. 122, at 602), the bar exam (*Id*. at 616–617), writing a book (*Id*. at 602), and media attention (*Id*. at 616). Further, Defendant presented testimony that Plaintiff's reassignment was comfortable. Defendant elicited testimony that the property room was a coveted assignment. (ECF No. 123, at 884). Plaintiff was allowed to pick her own hours and days off. (*Id*. at 778–79). She was allowed to wear casual clothing. (*Id*. at 779). She even received her own private office. (*Id*. at 804). Given this testimony, the Court finds that the jury was presented with competent, credible evidence that other stressors in Plaintiff's life caused her distress, not her reassignment.

### d. Damages Conclusion

Despite Plaintiff's assertions, the jury did not award her "an amount substantially less than unquestionably proved by the plaintiff's uncontradicted and undisputed evidence." *Walker*, 257 F.3d at 674 (citing *Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir.1996)). Defendant presented

6

competent, credible evidence that indicated Plaintiff did not suffer damages as a result of her illegal reassignment.  Plaintiff is not entitled to a new trial.

## IV.     Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for New Trial on Damages Only.  (ECF No. 111).

**IT IS SO ORDERED.**

**5/1/2023**                                                                          **s/Edmund A. Sargus, Jr.**
**DATE**                                                                                **EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**